NETSO & BOHLEN, APPELLANTS, VS. FOSS & SCHNEIDER, APPELLEES.—NO. 1.

1. When there is a judgment of default against one joint promissor and an issue of fact joined as to another, it is proper practice to submit to a jury the issues of fact as to the defendant who pleads and the assessment of damages as against the one who makes default. The statute authorizing the clerk to assess damages upon default does not apply to this case.

2. The rule that there can be but one judgment against joint promissors within the same jurisdiction, refers to final judgment and not to a default for not pleading entered against one.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*T. A. McDonell* for Appellants.

*Fleming & Daniel* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

Foss & Schneider sued Netso & Bohlen upon three joint promissory notes. There was a default entered as to Netso, and a plea by Bohlen

At the trial the jury were sworn to try the issue as to

Bohlen, and to assess the damages as against Netso. There was a verdict for plaintiffs and the damages were assessed against both defendants. Motion for a new trial was made and denied and final judgment entered, from which an appeal is taken.

Appellants contend that a judgment by default having been entered as to one of the joint promissors, there should have been no judgment against the other, but he should have been discharged, on the principle that a judgment against one merges the entire cause of action and there can be but one judgment upon the same cause of action, both defendants being summoned, in the same court. The rule has no application in this case, because there is but one final judgment. A judgment of default as to one does not affect the right to pursue the other who has pleaded.

Another point urged by appellants is that there having been a default as to one, the clerk should have assessed the damages and it was irregular to refer the assessment of damages to a jury.

The act of 1873, ch. 1938, sec. 7, authorizes the clerk to assess the damages on default entered where the action is on written promises. But there is no default here as to one of the defendants, but an issue joined. This statute therefore does not include this case. Moreover, the defendant in default has no standing to complain of a mere irregularity (if there had been such) if the damages were assessed at the proper amount.

There is no error and the judgment is affirmed.