EDWARDS v. SCHILLING, et al.

No. 26000-L.

Circuit Court, Duval County.

March 12, 1959.

John Paul Howard, Jacksonville, for plaintiff.

Robert E. Hucker, Jacksonville, for defendant Bill Elliott.

WILLIAM H. MANESS, Circuit Judge.

Plaintiff, Mildred Norman Edwards, sued defendant, Louis Kenneth Schilling and defendant, Bill Elliott, jointly as operator and owner respectively of a motor vehicle which came into collision with a motor vehicle owned and operated by plaintiff in an unmarked intersection in the city of Jacksonville, seeking recovery

for personal injury and property damages. The defendant operator, Schilling, did not employ counsel, answer or plead and a default was duly entered against him. The defendant owner, Elliott, who was not present at the accident, employed counsel who on behalf of Elliott only denied the alleged negligence, the consequences thereof, asserted the contributory negligence of the plaintiff as a bar to her recovery and filed a counterclaim for damages to his motor vehicle.

The cause came on for trial and at the close of all the testimony, on proper motion the court struck defendant Elliott's counterclaim against plaintiff on the ground that it affirmatively appeared that defendant-operator Schilling, who was called as a witness, was guilty of some negligence proximately contributing to the accident which barred Elliott's recovery under plaintiff's plea of contributory negligence to defendant-Elliott's counterclaim.

The court charged the jury and submitted the case to them on the issue of negligence of defendants, contributory negligence of plaintiff and damages, without advising the jury that the defendant-operator was guilty of negligence as a matter of law or that by reason of Schilling's failure to plead and the entry of a default judgment against him he was precluded from contesting the liability as to him and that the jury must return a verdict for plaintiff against Schilling. There was ample evidence that would require the jury to find plaintiff had suffered damages but there was also ample evidence from which the jury might also find she was herself guilty of negligence proximately contributing to her injury and damages.

After deliberating the jury returned a verdict of not guilty as to both defendants, indicating, under the charge of the court that the jury found that defendant-Elliott had established his plea of contributory negligence by a preponderance of the evidence and that both operators were negligent.

Plaintiff moved for a new trial on several grounds, the only one of which concerns the court and might require a new trial, is— "3. The court erred in denying plaintiff's motion for a directed verdict against the defendants upon the issue of liability."

There is no doubt that if these two defendants were sued or tried separately, the court should have directed a verdict on the issue of liability against defendant Schilling because of his default and failure to assert the contributory negligence of the plaintiff in an appropriate pleading. But since both were named defendants in the same suit, three questions arise—(1) Is an operator who is jointly sued with the owner of a motor vehicle and who suffers a

default to be entered against him entitled to the benefit of a plea of contributory negligence successfully asserted by his co-defendant owner whose liability, if any, is derived from the acts or omissions of such operator? Or stated differently, (2) Should the plaintiff in such case be given the benefit of the inference that defendant-owner must be liable because of the default of the defendant-operator, notwithstanding the fact of her own contributory negligence? And finally, (3) Should the trial court grant or deny plaintiff a new trial as to one, both or neither defendant?

No authorities on these questions have been found in the Florida decisions. However, the rule laid down in 30 Am. Jur. 284, Judgments, section 204, seems to be most consistent with a fair and just determination of question no. 1; and we quote therefrom—

"The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by the answering defendant is not personal to himself, but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or where it questions the merits or validity of the plaintiff's entire cause of action or his right to sue, such defense if successful inures to the benefit of the defaulting defendants, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants."

It follows that while plaintiff acquired a procedural advantage by the defendant driver's failure to plead and by the entry of a default against him, in the absence of separate trials against each defendant, plaintiff's advantage must yield to the findings of the jury when a plea of contributory negligence is successfully asserted by a co-defendant owner, because such a defense goes to the merits of plaintiff's entire right of recovery against anyone.

In answer to question no. 2, it also follows that the plaintiff is not entitled to a charge that the defendant-operator is liable to plaintiff as a matter of law, where separate trials are not had, because the plea of contributory negligence goes to the very right of plaintiff to recover at all. Furthermore, to give such a charge would deprive the defendant, whose liability is derived from and through the acts or omissions of his co-defendant driver, of a fair trial on his plea of the general issue and of contributory negligence by the inference such a charge would raise in the minds of the jurors to the effect that since the driver is liable as a matter of law, the owner also must be held liable notwithstanding any negligence of plaintiff

10

proximately contributing to the accident, and the denial of such a charge cannot be said to deprive plaintiff of any substantive right to which she is entitled.

This court is of the opinion that no error was committed in the trial proceedings, and that no rights of plaintiff were denied in the charges given and refused, and that the motion for a new trial should be denied as to both defendants.

It is accordingly ordered and adjudged that the motion for a new trial is denied as to both Louis Kenneth Schilling and Bill Elliott, defendants herein.