366 So.2d 484 (1979)
Walter Lee ALLS, a Minor, by His Father and Next Friend, Monroe Alls, and Monroe Alls, Individually, Appellants,
v.
7-ELEVEN FOOD STORES, INC., and Crystal Springs Water Company, a Division of Borden, Inc., Appellees.
No. 78-155.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied February 9, 1979.
*485 R. Fred Lewis, Coconut Grove, for appellants.
Adams & Ward and Amy Shield Levine, Miami, for appellees.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
The appellants seek review of a summary final judgment in favor of 7-Eleven Food Stores, Inc. Suit was filed by the appellants against two separate defendants, 7-Eleven and Crystal Springs Water Company, seeking recovery of damages for personal injuries sustained as the result of a glass bottle break at a 7-Eleven store when the minor appellant picked it up.
7-Eleven failed to timely respond. A default judgment was entered against it. After its motion to vacate default was denied, 7-Eleven sought review up through the Supreme Court of Florida which denied its petition for certiorari. 7-Eleven Food Stores, Inc. v. Alls, 308 So.2d 660 (Fla. 3d DCA 1975), certiorari denied 322 So.2d 925 (Fla. 1975). While 7-Eleven's appeals were proceeding, the other defendant, Crystal Springs, made a motion for summary judgment which was granted in its favor.[1] Based on that happening, 7-Eleven filed a motion for summary judgment asserting that it too was entitled to summary judgment on the liability defense raised by the other defendant, which was granted.
This appeal ensued, the appellants contending that notwithstanding the favorable summary judgment for Crystal Springs,[2] a default having been entered against 7-Eleven, the trial judge was without authority to thereafter enter a summary judgment in 7-Eleven's favor. We disagree.
First, a defaulting defendant may take advantage of a defense which is common to all. Edwards v. Schilling, 14 Fla. Supp. 7 (Fla. 4th Cir.1959); 47 Am.Jur.2d, Judgments, § 1160; 19 Fla.Jur., Judgments *486 and Decrees, § 314 (1978 Supp.); Anno. 78 A.L.R. 938; Compare: Blatch v. Wesley, 238 So.2d 308 (Fla. 3d DCA 1970). Second, it would be proper for a trial judge to enter a summary judgment for a defaulting defendant when it is apparent that the plaintiff can recover no damages against the defaulting defendant. Fields v. Quillian, 74 So.2d 230 (Fla. 1954); Andrews v. Goetz, 104 So.2d 653 (Fla. 1st DCA 1958); Nielsen v. City of Sarasota, 110 So.2d 417 (Fla. 2d DCA 1959). It is, of course, a principle of appellate law that a trial court can be right for any reason which appears in the record. Cohen v. Mohawk, 137 So.2d 222 (Fla. 1962); Aetna Insurance Company v. Settembrino, 324 So.2d 113 (Fla. 3d DCA 1975); Board of County Commissioners of Metropolitan Dade County v. Lowas, Fla.App., 348 So.2d 13.
Therefore, for the reasons above stated, the summary judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The defense of Crystal Springs on the question of liability was that the plaintiff was the sole proximate cause of the accident and consequential injuries.
[2] No appeal was taken by the plaintiffs from the summary judgment finding no liability on the part of Crystal Springs.