PER CURIAM.
When this case was first before us we remanded for a new trial solely on the issue of damages without consideration of loss of profits as an element. Wash-Bowl, Inc. v. Wroton, 432 So.2d 766 (Fla. 2d DCA 1983). Thereafter, the trial court entered judgment for damages, ruling that the Wrotons were precluded from seeking damages for moving expenses and for their loss on the discount of a note. His ruling was predicated on the fact that because the trial judge in the first trial had ruled that *968 these items were not proper elements of damage and the Wrotons had not cross-appealed from that ruling, the ruling had become the law of the case. We agree with the trial judge.
The law of the case precludes litigation of all issues necessarily ruled upon by the court, as well as of all issues upon which appeal could have been taken but which were not appealed. State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984). See Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla.1976); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982); Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980); Flood v. Ware, 326 So.2d 46 (Fla. 2d DCA 1976); and Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968).
The judgment is AFFIRMED.
HOBSON, A.C.J., and DANAHY and LE-HAN, JJ., concur.