495 So.2d 780 (1986)
Michael LEWIS, Appellant,
v.
David HORNE, Individually, David Horne and Donald Gist, Individually, Jointly and Severally and As Partners of a Florida Partnership D/B/a Atlantis Chevron, a Partnership, Atlantis Sea Ventures, Inc., and Insurance Company of North America, Appellees.
Nos. 85-2057, 85-2099.
District Court of Appeal of Florida, Third District.
September 16, 1986.
Rehearing Denied October 29, 1986.
Horton, Perse & Ginsberg and Edward Perse, Kaplan & Hodin, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellees.
Before BARKDULL, HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal and cross appeal from a final judgment entered in a negligence action after a jury trial on damages only. We affirm in part and reverse in part.
First, we disagree with the plaintiff Michael Lewis on his main appeal that the trial court erred in directing a verdict at trial in favor of the defendants Donald Gist and the defendants David Horne and Donald Gist d/b/a Atlantis Chevron, a partnership. Although a prior default had been entered against all the defendants in the cause for noncompliance with prior discovery *781 orders, we conclude that it was proper for the trial court to direct a verdict at the trial below in favor of the above-stated defaulting defendants because it is apparent on this record that the plaintiff can recover no damages against these particular defaulting defendants. Alls v. 7-Eleven Food Stores, 366 So.2d 484 (Fla. 3d DCA 1979). The uncontradicted evidence at trial establishes that (a) the defendant Donald Gist was a shareholder in the defendant corporation, Atlantis Sea Ventures, Inc., was not the active tortfeasor in this case and is therefore individually insulated from liability to the plaintiff by virtue of his shareholder status, Advertects, Inc. v. Sawyer Industries, 84 So.2d 21 (Fla. 1955); and (b) the defendants David Horne and Donald Gist, d/b/a Atlantis Chevron, a partnership, were not, in fact, doing business as partners in this cause and accordingly cannot be held liable for the tort incident sued upon. Moreover, we are not persuaded that this result is changed by the fact that the defaults herein were entered for discovery violations, rather than for a failure to timely respond to the complaint as in Alls, supra.
Second, we agree with the plaintiff Lewis on his main appeal that the trial court erred in directing a verdict in favor of the defendant David Horne, individually. Unlike the defaulting defendants Donald Gist and the nonexistent partnership herein, the defendant Horne was the active tortfeasor in this case and was individually liable to the plaintiff. Moreover, a default had been properly entered against him for noncompliance with prior discovery orders. His contrary argument on the cross appeal is not, in our view, persuasive and is specifically rejected. See Littman v. Commercial Bank & Trust Co., 425 So.2d 636 (Fla. 3d DCA 1983); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); Fla.R.Civ.P. 1.380(b)(2)(C).
Third, we agree with the defendant Insurance Company of North America [INA] on its cross appeal that the trial court erred in denying its motion to dismiss it as a party defendant herein. Section 627.7262, Florida Statutes (1983), specifically prohibits the maintenance of the instant suit against the defendant INA as it was brought by a plaintiff who is neither an insured under the subject liability insurance policy nor the holder of a judgment against a person who is an insured under the said policy. See Van Bibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983). We further conclude that this issue was properly raised below by the defendant INA after it was defaulted for noncompliance with discovery orders because it is plain that the plaintiff can recover no damages against the said defendant in the instant suit by virtue of the above statute. Alls, 366 So.2d at 486.
Finally, we find no merit in the remaining points raised by the defendants on the cross appeal herein.
The final judgment under review is affirmed insofar as it enters judgment against the defendant Atlantis Sea Ventures, Inc.; the final judgment under review is also affirmed insofar as it enters judgment in favor of the defendant Donald Gist, individually, and in favor of David Horne and Donald Gist as partners of a Florida partnership, Atlantis Chevron. The final judgment under review is reversed insofar as it enters judgment against the defendant Insurance Company of North America and the cause is remanded to the trial court with directions to strike the said defendant from the subject final judgment. The final judgment under review entered in favor of the defendant David Horne, individually, is also reversed and the cause is remanded to the trial court with directions to enter a final judgment in favor of the plaintiff Michael Lewis against the defendant David Horne in the amount of the jury verdict herein, plus interest.
Affirmed in part; reversed in part and remanded.