519 So.2d 641 (1987)
Sami BEHAR, Appellant,
v.
JEFFERSON NATIONAL BANK AT SUNNY ISLES, Appellee.
No. 87-85.
District Court of Appeal of Florida, Third District.
December 29, 1987.
On Motion for Rehearing February 16, 1988.
*642 Edward A. Kaufman, Robert M. Brake, Coral Gables, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rolsen & Quentel and Kendall B. Coffey and Janet L. Humphreys, Miami, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
This is an appeal from a Final Judgment awarding Jefferson National Bank [Jefferson National] damages from Sami Behar. In 1984, Jefferson National instituted an action against Behar and nine other defendants alleging, among other matters, that defendants conspired to appropriate Jefferson National's trade secrets and clients and intentionally and maliciously interfered with the bank's advantageous business relationships in order to organize a competing bank. When Behar failed to respond to the complaint, the court entered a default. Behar filed a motion to set aside the default, but the trial court denied the motion. An appeal culminated in this court's affirmance of the trial court's ruling. Behar v. Jefferson Nat'l Bank at Sunny Isles, 478 So.2d 385 (Fla. 3d DCA 1985). After conducting a hearing on the issue of damages, the trial court entered a final judgment of $175,000 for Jefferson National.
Behar raises five points as grounds for reversal. He maintains that: the trial court erred in failing to stay the judgment until the conclusion of the non-defaulting defendants' trial; the bank may not recover as damages expenses incurred by the bank after Behar effectively withdrew from the alleged conspiracy; the trial court erred in refusing to dismiss the complaint for failure to state a cause of action; Jefferson National is not entitled to recover attorney's fees and costs entailed in preventing establishment of the proposed bank; and the damages are excessive. Finding no merit in the points raised, we affirm.
The supreme court explained the effect of an order refusing to vacate a default:
An order denying a motion to vacate a default determines liability just as certainly as does an order of default. Webster's Third New International Dictionary, Unabridged, defines "determine" as, among other things, "to fix conclusively or authoritatively," "to settle a question or controversy about," and to "decide by judicial sentence." An order denying a motion to vacate a default judgment conclusively or authoritatively decides that the liability imposed by the default order will not be vacated. It settles the question or controversy, deciding by judicial ruling that the movant shall be liable as found in the original order.
Doctor's Hosp. of Hollywood, Inc. v. Madison, 411 So.2d 190, 191 (Fla. 1982). As the Madison court indicates, a default entered for failure to plead precludes a party from contesting liability. See Harless v. Kuhn, 403 So.2d 423 (Fla. 1981); Pony Express *643 Courier Corp. of Fla. v. Zimmer, 475 So.2d 1316 (Fla. 2d DCA 1985); American Fidelity Fire Ins. Co. v. Woody's Elec. Serv., Inc., 407 So.2d 947 (Fla. 3d DCA 1981). Delaying the entry of a default until the other parties have completed trial would undermine the function of a default: to foreclose the presentation of untimely pleadings by effecting a conclusive imposition of liability.
Behar argues that if the other defendants prevail on the merits, the default precluding him from utilizing their defenses would lead to an incongruous and unjust result. We disagree. Behar suffered judgment because he failed to answer the complaint; in so doing, he surrendered his opportunity to litigate the merits of his defense. The fact that other defendants may prevail on the merits does not render the default against Behar unjust. See Fred Chenoweth Equip. Co. v. Oculus Corp., 254 Ga. 321, 328 S.E.2d 539 (1985).[1] Thus, we conclude that the trial court did not err in denying Behar's motion to stay the judgment.
Behar's contention that the complaint fails to state a cause of action is untimely. This court's affirmance of the trial court's determination of liability forecloses Behar from presenting defenses which could have been raised in a prior appeal. See Wroton v. Wash-Bowl, Inc., 456 So.2d 967 (Fla. 2d DCA 1984); Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980); Marine Midland Bank Cent. v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980). Similarly, Behar's argument that he withdrew from the conspiracy and should not be liable because he did not personally cause Jefferson National's damages is another attempt to present a foreclosed defense. See Harless. Cf. Woody's Elec., 407 So.2d at 948 (liability in a contract claim "includes not only that the contract was breached, but, as well, that the damages, if any, arising from the breach were caused by the defendant").
Finally, Behar contests the trial court's award of damages. He maintains that the expenses which Jefferson National incurred in protesting the charter were the result of lawful activity, and that these expenses do not "flow from or arise out of" the matters alleged in the complaint. We disagree. Although applying for a bank charter is in itself a lawful activity, here the act of applying for a bank charter was an act in furtherance of the tort. Thus, it was reasonable for Jefferson National to mitigate its damages by opposing the application for the bank charter. "[A]n innocent party drawn into litigation with a third party by the wrong of another party may be entitled to recover expenses, including attorney's fees in defending that litigation...." Glace & Radcliffe, Inc. v. City of Live Oak, 471 So.2d 144, 145 (Fla. 1st DCA 1985) (emphasis supplied). This court has recognized that:
[t]he general rule of law is that where the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.
Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So.2d 29, 31 (Fla. 3d DCA) (citations omitted), cert. denied, 336 So.2d 1180 (Fla. 1976); see Pony Express (claimant entitled to attorney's fees as special damages in order to recover costs it expended in protecting itself from threatened antitrust litigation flowing from defendant's false accusations); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973) (in slander of title action, attorney's fees recoverable as expenses necessarily incurred to remove the cloud cast upon the title); see also Freeport Sulphur Co. v. S.S. Hermosa, 526 F.2d 300 (5th Cir.1976) (in-house services properly included as element of damages). Cf. Brinson v. Southeastern Utilities Serv. Co., 72 So.2d 37 (Fla. 1954) (although *644 wife who nursed husband not paid for her services, court permitted recovery for loss of time). Thus, Jefferson National is entitled to recover attorney's fees and other expenses it incurred in protesting the application of the proposed new bank before a hearing officer appointed by the Department of Banking & Finance and in opposing unemployment benefits received by an alleged co-conspirator. Accordingly, we find no error in the trial court's assessment of Jefferson National's damages.
For these reasons we affirm the Final Judgment.
Affirmed.

ON MOTION FOR REHEARING
PER CURIAM.
Our opinion should not be read to preclude Behar from proceeding under Florida Rule of Civil Procedure 1.540(b)(5) in the event that other defendants prevail on the merits; see Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla.3d DCA 1979), if, however, plaintiffs do not pursue their claims against the other defendants, or defendants do not prevail on the merits, Behar will not be entitled to relief from his default.
Petition for rehearing denied.
NOTES
[1] Behar's reliance on Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla. 3d DCA 1979), is misplaced. In 7-Eleven, the court entered summary judgment for the defaulting defendant when it was apparent that the plaintiff could not recover damages from it. That is not the case here.