76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank C. WILCOX, Plaintiff-Appellant,
v.
RAINTREE INNS OF AMERICA, INC., a suspended Colorado
corporation, Defendant-Appellee,
Vail Valley Foundation, a Colorado non-profit corporation,
Bob Knous, John Garnsey, Harry H. Frampton, III,
John Dakin, Defendants.
 No. 94-1050.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1996.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and CAMPOS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CAMPOS, District Judge.
 
 
 4
 The procedural posture of this case being somewhat unusual, a brief introduction is in order. This appeal was originally a consolidation of two cases. By Order dated December 13, 1994, the appeal was dismissed as to Defendants Vail Valley Foundation, Bob Knous, John Garnsey, Harry Frampton, III, and John Dakin, pursuant to Fed.R.App.P. 42(b). Thus, the only remaining Appellee is Raintree Inns of America ("Raintree"). There is nothing unusual about this, in itself; however, Raintree has not filed any briefs in this case, nor was it represented at oral argument. Indeed, Raintree did not even file an Answer to Plaintiff's Complaint in the district court.
 
 
 5
 Despite Raintree's conspicuous absence from this litigation, the only question remaining for our consideration is whether the district court properly granted summary judgment in Raintree's favor. We conclude that it did. Accordingly, we affirm the district court's decision for the reasons set forth below.
 
 
 6
 Mr. Wilcox, a professional free-lance photographer, entered into a contract with Vail Valley Foundation ("VVF"), requiring Wilcox to take photographs for VVF's use in promoting the 1989 American Ski Classic and the 1989 World Alpine Ski Championships. In return for VVF's use of his photographs, Wilcox received access to the 1988 American Ski Classic, as well as $2,000. According to the terms of the agreement, the photographs were to be used for "promotional purposes" only.
 
 
 7
 VVF released six of the photographs to Raintree, a hotel in Vail. Raintree used these photographs as part of a display in its hotel lobby. The photographs were displayed in the lobby during March 1989, the time when the World Alpine Ski Championships were taking place in Vail. Wilcox filed suit, contending that VVF's release, and Raintree's use, of the six photographs infringed his copyrights.
 
 
 8
 All of the defendants, with the exception of Raintree, moved for summary judgment. The district court found that the moving defendants did not exceed the scope of the agreement when they transferred photographs to Raintree's general manager for use in the lobby display designed to promote the World Alpine Ski Championships. Accordingly, the district court granted the motion. In a subsequent Order, the district court noted that the copyright claim asserted against Raintree "is subject to the same fatal defects as the copyright claims against the VVF defendants. The only difference is that Raintree Inns of America has not moved for summary judgment." The district court proceeded to grant summary judgment in Raintree's favor, sua sponte, as a matter of judicial efficiency, and for the reasons stated when dismissing the copyright claims against the VVF defendants.
 
 
 9
 On appeal, Wilcox argues that the district court erred in granting summary judgment in favor of Raintree for two reasons. First, he contends that the district court did not have the authority to grant summary judgment sua sponte. Second, he claims that there is no legal ground for granting summary judgment to a defaulting defendant when summary judgment has been granted to the remaining defendants.
 
 
 10
 It is well-settled that a district court may grant summary judgment sua sponte provided that the losing party is given sufficient notice and an opportunity to come forward with evidence in opposition. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); DiCesare v. Stuart, 12 F.3d 973, 976 n. 1 (10th Cir.1993); Rouse v. City of Aurora, 901 F.Supp. 1533, 1539 (D.Colo.1995). In their motion for summary judgment, the VVF defendants argued that they did not exceed the scope of the agreement when they transferred the photographs to Raintree. In addition, they argued that use of the photographs in the Raintree lobby display did not constitute copyright infringement because such use was contemplated by the terms of the agreement. Mr. Wilcox was, therefore, put on notice that he had to come forward with all of his evidence on this issue. As the district court noted, Wilcox did not come forward with any evidence in support of his contention that transfer of the photographs to Raintree and use of the photographs in the Raintree lobby exceeded the scope of the license. In essence, when given the opportunity to do so, Wilcox failed to demonstrate why summary judgment should not be granted on this issue. The district court, therefore, acted well within its authority when it granted summary judgment sua sponte in favor of Raintree.
 
 
 11
 The fact that a notice of default (as opposed to a default judgment) was entered against Raintree does not render the district court's sua sponte grant of summary judgment improper. According to the rule announced in the venerable case of Frow v. De La Vega, 82 U.S. 552, 554 (1872), in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants. If the case is ultimately decided against the plaintiff on the merits, however, it should "be dismissed as to all the defendants alike--the defaulter as well as the others." Id. This circuit has recognized and applied the Frow rule. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 147-48 (10th Cir.1985).
 
 
 12
 The Third Circuit has stated that Frow stands for the proposition that "if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved." Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3rd Cir.1986). The same could be said for resolution of a lawsuit at the summary judgment stage, and, in fact, courts have applied the Frow rule on summary judgment. See, e.g., Bastien v. R. Rowland & Co., 631 F.Supp. 1554, 1561 (E.D.Mo.1986), aff'd, 815 F.2d 713 (8th Cir.1987) (citing cases in which the Frow rule has been extended to grant the benefits of successful motions to dismiss and motions for summary judgment to a defaulting defendant).
 
 
 13
 In general, the Frow rule applies only in cases where the defendants are jointly and severally liable. 10 Wright, Miller & Kane, Federal Practice and Procedure § 2690 at 458 (1983). This is because the key aim of the rule is the avoidance of inconsistent judgments. Wilcox argues that the defendants in this case are not jointly and severally liable and that, therefore, the Frow rule does not provide a basis for extending the grant of summary judgment to Raintree. In his response to the motion for summary judgment below, however, Wilcox argued that all of the defendants are jointly and severally liable. In copyright infringement claims, where more than one defendant allegedly contributed to the infringement, each defendant is jointly and severally liable for the award of statutory damages. 17 U.S.C. § 504(c)(1); Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2nd Cir.1986).
 
 
 14
 We do not, however, believe that the applicability of the Frow rule hinges on whether the defendants are jointly and severally liable. The Frow rule is also applicable in situations where multiple defendants have closely related defenses. 10 Wright, Miller & Kane, Federal Practice and Procedure § 2690 at 458 (1983); see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir.1984) (noting that when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendants prevail on the merits). Here, Raintree's defense is identical to that of the VVF defendants, i.e. use of the photographs in the lobby display in order to promote the World Alpine Ski Championships did not exceed the scope of the license. To rule that VVF's transfer of the photographs to Raintree for use in a lobby display promoting the World Alpine Ski Championships is not copyright infringement, but Raintree's use of the photographs in the lobby display is copyright infringement would be nonsensical. The district court's order dismissing Wilcox' copyright infringement claim as to Raintree is AFFIRMED.
 
 
 
 *
 The Honorable Santiago E. Campos, Senior District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470