707 So.2d 747 (1997)
DAYS INNS ACQUISITION CORPORATION, Appellant,
v.
David H. HUTCHINSON, Appellee.
No. 97-0481.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
Rehearing, Clarification and Certification Denied February 6, 1998.
*748 Ronald S. Holliday and Lonnie L. Simpson of Rudnick & Wolfe, Tampa, and Frederick L. Whitmer of Pitney, Hardin, Kipp & Szuch, Morristown, NJ, for appellant.
F. Kendall Slinkman of F. Kendall Slinkman, P.A., West Palm Beach, for appellee.
PARIENTE, BARBARA J., Associate Judge.
Appellant, Days Inns Acquisition Corporation ("Days Inns"), appeals a final declaratory default judgment entered against it in favor of appellee, David Hutchinson (plaintiff). We reverse because plaintiff's request for declaratory relief against Days Inns was predicated solely upon his claim of wrongdoing on the part of the non-defaulting co-defendant, whose liability has not yet been determined. Accordingly, it was premature to enter a final default judgment against Days Inns.
Plaintiff, by contract, acquired the use of the telephone number 800-329-7466 from the co-defendant, Transcall America Inc. (Transcall). The number corresponds with 800 "DAYS INN" on the telephone keypad. According to the allegations of plaintiff's complaint, Transcall breached its agreement by subsequently withdrawing the number from plaintiff and reassigning it to Days Inns.
Days Inns is named as a defendant in only one count of plaintiff's multi-count complaint. In that count, plaintiff sought a declaration that his right to the number was superior to Days Inns' right. This count incorporated the substantive allegations from the previous count against Transcall and additionally alleged that Transcall had assigned the number to Days Inns. The count contains no allegations of independent acts of wrongdoing by Days Inns.
Transcall filed an answer to the complaint in which it denied that it had breached its contract with plaintiff and countered that it had terminated service because plaintiff failed to pay his bills. The liability of Transcall, the non-defaulting party, has not yet been determined.
Days Inns failed to answer and a clerk's default was entered against it. The trial court denied Days Inns' subsequent motion to set aside the default. Days Inns appealed this order but in its appeal argued only that its failure to respond constituted excusable neglect and that it had exercised due diligence. This court affirmed the trial court's order. See Days Inn v. Hutchinson, 681 So.2d 290 (Fla. 4th DCA 1996).
Over Days Inns' objection, plaintiff then moved for a final default judgment against Days Inns, which the trial court granted. The final judgment set forth that "any rights that [Days Inns] has had and/or presently has [with respect to the telephone number 800 DAYS INN], are subservient to and inferior to the rights of the plaintiff."
On appeal, Days Inns raises three points. We find merit in only one[1]that the entry of the final judgment against Days Inns was *749 premature and must await the outcome of the litigation against the co-defendant, Transcall.
The entry of a default does not automatically entitle the plaintiff to the entry of a default judgment. On entry of default, the defaulting party admits only the well-pleaded factual allegations of the complaint against it. See Ellish v. Richard, 622 So.2d 1154 (Fla. 4th DCA 1993). The defaulting party does not admit conclusions of law. See Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994), review denied, 659 So.2d 272 (Fla.1995).
There are no well-pleaded allegations of any independent wrongdoing by Days Inns nor any allegations that Days Inns is vicariously liable for Transcall's alleged wrongdoing.[2] Because Transcall denied the allegations of the complaint, all allegations of wrongdoing in the complaint have been controverted. If Transcall was not in breach of its agreement with plaintiff, it was free to reassign the telephone number to Days Inns. Thus, the request for a declaration that plaintiff's right is superior to Days Inns' right to the telephone number is necessarily predicated on a favorable resolution of plaintiff's case against Transcall.
Florida Rule of Civil Procedure 1.500(e), governing default judgments, provides that "[f]inal judgments after default may be entered by the court at any time." The question we confront here is whether there are any limitations on the trial court's discretion to enter a default judgment where the liability of the non-defaulting co-defendant has not yet been determined.
Prior to the advent of the modern rules of civil procedure, the United States Supreme Court in Frow v. De La Vega, 82 U.S. (15 Wall) 552, 21 L.Ed. 60 (1872), held that where multiple defendants are jointly liable, it would be "incongruous" for judgment to be entered against a defaulting defendant before a decision on the merits as to the remaining defendants. To avoid inconsistent liability determinations against jointly liable defendants, where less than all defendants default, Frow held that:
The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants.... If the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alikethe defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.
82 U.S. at 554.

Frow stands for the proposition that:
[I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.
Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir.1986).
Some federal courts applying Frow have expanded it to situations where defendants are also jointly and severally liable, or have closely related defenses. See, e.g., Wilcox v. Raintree Inns of America, Inc., 76 F.3d 394 (10th Cir.1996); Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir.1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir.1967); see also 6 Moore's Federal Practice ¶ 55.06 at 55-49 (2d ed.1996), cited in Gulf Coast Fans. According to Wright and Miller, the "key" in deciding the application of Frow to individual cases is to "recognize *750 that [Frow] is designed to apply only when it is necessary that the relief against the defendants be consistent." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2690 (1983-1997).
Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable. See, e.g., McMillian/ McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319 (8th Cir. 1997) (Frow not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); Whelan v. Abell, 953 F.2d 663, 674-75 (D.C.Cir.1992) (Frow should apply only when liability is truly joint or necessary for effective relief); In re Uranium Antitrust Litig., 617 F.2d 1248, 1256-58 (7th Cir.1980) (Frow rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).
Even federal cases that question the continued force of Frow conclude that Frow controls "in situations where the liability of one defendant necessarily depends upon the liability of the others." International Controls Corp. v. Vesco, 535 F.2d 742, 746 n. 4 (2d Cir.1976); see also In re Uranium, 617 F.2d at 1257.
The applicability and scope of the Frow doctrine has not been specifically addressed in Florida case law.[3] In Behar v. Jefferson National Bank, 519 So.2d 641 (Fla. 3d DCA 1987), the defendant argued that final judgment should not be entered against him because, if the other co-defendants prevailed on the merits, the default precluding him from taking advantage of the co-defendants' defenses would lead to an incongruous and unjust result. The defaulting defendant was one of ten defendants charged with conspiracy to appropriate plaintiff's funds and interfere with its business relationships.
The third district rejected Behar's argument that the judgment on the default should have been withheld until the trial on the merits of the non-defaulting co-defendants:
Behar suffered judgment because he failed to answer the complaint; in so doing, he surrendered his opportunity to litigate the merits of his defense. The fact that other defendants may prevail on the merits does not render the default against Behar unjust.
Behar, 519 So.2d at 643. Because Behar involves multiple defendants charged with conspiracy, the third district's holding is inconsistent with a broad application of Frow.[4]
Despite its holding, on rehearing, the third district provided a safety net if the co-defendants were exonerated at trial. It held that Behar would not be precluded from proceeding under Florida Rule of Civil Procedure 1.540(b)(5) to set aside the default judgment in the event that the other defendants prevailed on the merits. Id., 519 So.2d at 644.
Prior to Behar, in Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484, 485 (Fla. 3d DCA 1979), the third district held that a "defaulting defendant may take advantage of a defense which is common to all." The plaintiff in Alls sued 7-Eleven and Crystal Springs Water for recovery of damages suffered as a result of a glass bottle break at 7-Eleven. A default was entered against 7-Eleven for failing to respond, but Crystal Springs successfully obtained a summary judgment in its *751 favor based on a finding that the plaintiff was the sole proximate cause of the accident. 7-Eleven then sought summary judgment on the same basis, asserting that it was entitled to raise the liability defense successfully litigated by Crystal Springs.
The principle, cited in Alls, that a defaulting defendant may take advantage of a defense "common to all," is actually a derivation of the Frow doctrine. See Shilts v. Young, 643 P.2d 686, 689 n. 3 (Alaska 1981). However, in support of its holding, Alls cited to a lone circuit court case, Edwards v. Schilling, 14 Fla. Supp. 7 (1959). Edwards in turn adopted the rule set forth in 30 Am.Jur. 284, Judgments, section 204 "that in actions against several defendants jointly, where the defense [is] ... common to all ... such defense if successful inures to the benefit of the defaulting defendants." Id. at 9. Edwards found this rule "to be most consistent with a fair and just determination." Id.
Behar attempted to distinguish Alls by finding that it was apparent that the plaintiff in that case could not recover damages from 7-Eleven. Behar, 519 So.2d at 643 n. 1; see Alls, 366 So.2d at 486. However, a defaulting defendant's ability to take advantage of a defense common to all depends on its ability to delay entry of a final judgment against it until the liability of the non-defaulting defendant has been decided. Cf. Lewis v. Horne, 495 So.2d 780 (Fla. 3d DCA 1986).
We reject a broad application of Frow that would require a trial court to defer entry of a default judgment in all cases where there are non-defaulting co-defendants. We likewise reject a per se rule that a plaintiff is always entitled to a default judgment against a defaulting defendant prior to the adjudication of the merits against non-defaulting co-defendants.
In exercising its discretion, the trial court should evaluate whether the entry of the default judgment could lead to an absurd, unjust, or logically inconsistent result. Where, as here, relief against one defendant is completely dependent upon the liability of a co-defendant, it would be improper to allow the final judgment to be entered until the liability of the co-defendant has been decided.
Here, allowing a default judgment to stand against Days Inns, without an adjudication of the liability of Transcall, could lead to an absurd and unjust result if plaintiff could obtain damages or an injunction against Days Inns for utilizing the phone number, prior to an adjudication that Transcall wrongfully assigned it.[5] It would also be logically inconsistent for there to be a declaration that plaintiff's rights in the number are superior to Days Inns' rights, if, in a trial on the merits against Transcall, it is determined that plaintiff has no right to the number.
This conclusion does not conflict with Behar. Although Behar involved a conspiracy between multiple defendants similar to Frow, there is no indication in the Behar opinion that the case involved one of true joint liability, such that the defaulting defendant could be liable only if his co-defendants were liable. See McMillian, 116 F.3d at 321. Nor was Behar a case where the liability of the defaulting defendant necessarily depended upon the liability of others. See Vesco, 535 F.2d at 746 n. 4; see also Gangl v. Ford Motor Credit Co., 37 Mass.App.Ct. 561, 641 N.E.2d 709 (1994), review denied, 419 Mass. 1104, 646 N.E.2d 409 (1995).
Unlike the plaintiff in Behar, here plaintiff alleges no wrongdoing by Days Inns or any collusion or conspiracy between Days Inns and Transcall. Plaintiff's request for a declaration that his right in the telephone number is superior to Days Inns' right rests entirely upon the theory that Transcall wrongfully withdrew the number from him and reassigned it to Days Inns. In this case Florida Rule of Civil Procedure 1.540(b)(5) would not sufficiently protect Days Inns. See Behar, 519 So.2d at 644.
Under these circumstances, the trial court abused its discretion in entering a final default judgment adjudicating plaintiff's right *752 to the telephone number prior to a decision on the liability of the co-defendant, Transcall. We, therefore, reverse the entry of final judgment because there has not been a determination on the merits of plaintiff's claim against Transcall. If that claim is concluded in plaintiff's favor, the final default judgment against Days Inns may be re-entered.[6]
STEVENSON, J., and MARRA, KENNETH A., Associate Judge, concur.
NOTES
[1] Days Inns' first point on appeal is not, contrary to Days Inns' argument, an issue of subject matter jurisdiction, but is rather a question of whether federal law governs the substance of the dispute under principles of federal preemption. This issue does not affect the validity of the default and, in any event, was waived by Days Inns' failure to raise the argument in its motion to vacate the default and in its prior appeal. See Martin v. Eastern Airlines, Inc., 630 So.2d 1206 (Fla. 4th DCA 1994).
[2] Days Inns asserts in its second point on appeal that the complaint fails to state a cause of action against it. This point was also waived by Days Inns' failure to raise it in the motion to vacate the default and in its prior appeal from that order. See Behar v. Jefferson Nat'l Bank, 519 So.2d 641, 643 (Fla. 3d DCA 1987). Even if it were properly raised, we do not agree that a reversal would be required because plaintiff may be entitled to declaratory relief against Days Inns if, and only if, plaintiff established a breach of the contract with Transcall. Days Inns could be considered a necessary party to afford plaintiff complete relief. See Fla. R. Civ. P. 1.210(a); § 86.021, 86.091, Fla. Stat. (1995).
[3] Trawick makes the broad statement that in Florida "[f]inal judgment in the action cannot be entered until the trial when some, but not all, parties default in the absence of statutory authority." Trawick, Florida Practice and Procedure § 25-4 (1996 ed.) For this proposition Trawick cites Netso v. Foss, 21 Fla. 143 (Fla.1884). We do not interpret Netso as standing for this broad statement. Cf. 33 Fla. Jur.2d Judgments and Decrees § 278 (1994).
[4] In enunciating this view, the third district cited to Fred Chenoweth Equip. Co. v. Oculus Corp., 254 Ga. 321, 328 S.E.2d 539 (1985) in which the Georgia Supreme Court specifically rejected Frow, finding that there was no danger of an absurd and unjust result where one defendant could have a default judgment entered against him in favor of plaintiff, while other non-defaulting defendants who were jointly liable were exonerated. The Georgia Supreme Court reasoned that there would be no danger of inconsistency because the default judgment did not reach the merits of the claim, and was simply a sanction for failing to answer the claim that was "no less than and no greater than the harshness existing in a default judgment against a single defendant." 328 S.E.2d at 541.
[5] Counsel for plaintiff candidly admitted at oral argument that he is seeking supplemental relief for damages or an injunction against Days Inns, based on the default declaratory judgment. See § 86.061, Fla. Stat. (1995).
[6] By this opinion we do not imply that Days Inns can participate as a party or otherwise defend against plaintiff's claim against Transcall.