678 So.2d 372 (1996)
PEARL CRUISES, et al., Appellants,
v.
Belle BESTOR, et al., Appellees.
No. 95-2741.
District Court of Appeal of Florida, Third District.
June 19, 1996.
Rehearing Denied September 11, 1996.
Horr, Linfors & Skipp and David J. Horr and Christopher J. Bailey, Miami, for appellants.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs-appellees are California citizens who, through their travel agent in Massachusetts, booked passage on an Italian liner for a Western Pacific cruise which began in Singapore. When the ship docked in Vietnam, they arranged with the vessel for an excursion ashore in a private vehicle. The car was involved in a traffic accident and they were injured. They sued the shipowner, an Italian corporation, and four foreign agents of the line in the Dade County circuit court and duly served process upon them. The defendants moved to dismiss the case without prejudice under the forum non conveniens doctrine. Although the defendants have consented to the jurisdiction of the courts of Italy, the home of the corporate shipowner, and waived reliance on any statute of limitations, the trial judge denied the motion. We reverse.
On the basis of a mere recital of the operative facts, which involve no meaningful relationship to Florida whatever, the maintenance of this case involves the epitome of the abuse of our courts which the Supreme Court decision in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 revised, 658 So.2d 991 (1996)[1] has so salutarily forbidden. On the authority of that decision, we hold that the cause must be dismissed.
We reject plaintiffs' claim that the alternative forum proposed by the defendants, Italy, is so inappropriate that its availability does not overcome the weight of the plaintiffs' choice of forum. It is obvious that because Florida's interests in this litigation are next to non-existent, Italy's, which include the very substantial one of concern for its own domiciliaries, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 *373 L.Ed.2d 419 (1981); Kinney, 674 So.2d at 87-88[2] are substantially more significant than those of this state. When, as here, a "balancing" of both the Kinney private and public interests so clearly requires dismissal, it is necessary only that "an adequate alternate forum exists which possesses jurisdiction over the whole case." See Kinney, 674 So.2d at 94 (proposed Rule 1.061(a)(1)). Italy indubitably qualifies on that score. Finally, one may observe that if the plaintiffs find the Italian forum unattractive, they are free to bring suit in any other jurisdiction which will entertain it.
Accordingly, the order below is reversed with directions to grant the motion to dismiss for forum non conveniens.
Reversed.
LEVY, J., concurs.
COPE, Judge, dissenting.
I respectfully dissent. I would affirm the order under review, without prejudice to the defendants to file a proper motion to dismiss on grounds of forum non conveniens under new Florida Rule of Civil Procedure 1.061.[3]See Kinney System, Inc. v. The Continental Insurance Co., 674 So.2d 86, 93 n. 6 & appendix (Fla.1996)(promulgating rule).
Defendants moved to dismiss for forum non conveniens in an unsworn motion which accepted the allegations of plaintiffs' complaint as being true. The complaint alleges that all of the defendants are foreign corporations doing business in Florida. The complaint alleges that Costa Cruise Lines, N.V. and Paquet Cruises, Inc. both maintain offices in Miami. According to the trial court order, service was accomplished on all of the defendants through their resident agents in South Florida, or at offices in South Florida.[4] The defendants have not identified any other jurisdiction within the United States in which they consent to suit, but on the contrary have identified Italy as the appropriate alternative forum, and have only consented to suit in that country.
The trial court denied the motion stating, in part:
Finally, given the multiplicity of contacts with various jurisdictions raised by this case, the absence of any other United States venue in which Defendants suggest and agree that these claims by U.S. citizens could be more appropriately litigated, the absence of an available foreign jurisdiction for litigation against all of these defendants, and the Court's unwillingness to relegate U.S. citizens who purchased tickets for the cruise in the United States to a foreign jurisdiction, the Court will decline to dismiss the case on forum non conveniens grounds.
(Emphasis added).
The plaintiffs' claim is being asserted on the basis of a consumer transactionthe sale of a cruise packagewhich the defendants marketed to plaintiffs in the course of their substantial business activities in the United States. That being so, it is certainly permissible for the trial court to consider whether there is an alternative forum within the United States which is available to the plaintiffs. See Reid-Walen v. Hansen, 933 F.2d 1390, 1394-95 (8th Cir.1991); Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239, 1246 (7th Cir.1990), cert denied, 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991); Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339 (8th Cir.1983), cert. denied, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984); Nationsbank of Florida v. Banco Exterior De Espana, 867 F.Supp. 167, 170-71 (S.D.N.Y. 1994); Rudisill v. Sheraton Copenhagen *374 Corp., 817 F.Supp. 443, 446 (D.Del.1993); Mutual Export Corp. v. Westpac Banking Corp., 742 F.Supp. 161 (S.D.N.Y.1990).
Based on the very scanty record which was before the trial court, the defendants did not demonstrate that there is an alternative forum within the United States that is available to these plaintiffs. The defendants decided to take an all-or-nothing approach, and argued that the only available or appropriate alternative forum is Italy. Given a consumer transaction in which United States plaintiffs bought a tour package in the United States from defendants who maintain offices in the United States, I think the trial court acted well within the bounds of a sound discretion in denying the motion to dismiss on grounds of forum non conveniens.
It may well be that there are one or more other jurisdictions within the United States which have more contact with this transaction than does the State of Florida. Upon such a showing being made, a dismissal on the basis of forum non conveniens would be appropriate. The present record does not, however, contain any evidentiary basis on which to conclude that there is an alternative United States forum. Absent that showing, the trial court was entitled to deny the motion.
In sum, the order under review should be affirmed, but without prejudice to the defendants to file a proper motion under new rule 1.061.
NOTES
[1] Kinney was decided after the rulings below.
[2] The importance of this factor is demonstrated by the holdings under pre-Kinney Florida law, see Seaboard Coast Line R.R. v. Swain, 362 So.2d 17 (Fla.1978); Houston v. Caldwell, 359 So.2d 858 (Fla.1978)(citing Adams v. Seaboard Coast Line R.R., 224 So.2d 797 (Fla. 1st DCA 1969)), that the mere fact that Florida was the corporate defendant's state of incorporation or principal place of business absolutely precluded the application of the forum non conveniens doctrine because a corporation could not be "inconvenienced" defending an action in its home state.
[3] The defendants' motion and the trial court's order were filed prior to the adoption of new rule 1.061.
[4] At the motion for rehearing stage, defendants filed an unexecuted affidavit of a manager of Costa Crociere, S.p.A., which states that Costa Crociere is the operator of the cruise ship, and that the remaining defendants are in essence ticket agents. The affidavit does not controvert the allegations that all defendants are doing business in Florida.