FLETCHER, Judge.
Plaintiff, Iberoamerican Electronics, S.R.L. [Iberoamerican], appeals a dismissal order based on forum non conveniens, contending that the trial court erred in not conditioning the dismissal on certain stipulations. We affirm the dismissal, finding that the trial court appropriately declined to attach Iberoamerican’s requested conditions.
Although the dismissal order preceded the decision in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 93-94 (Fla.1996), the trial court sufficiently protected the interests of the parties by attaching two conditions: (1) that all defendants consent to suit in Brazil and accept service of process in Brazil in a civil action brought by Iberoamer-ican to resolve the dispute, and (2) that all defendants agree to toll any applicable statute of limitations for the period from the filing of the complaint until ninety (90) days after the order of dismissal. These conditions are similar to the requirements of Florida Rule of Civil Procedure 1.061 that (1) “[i]n moving for forum non conveniens dismissal, defendants shall be deemed to automatically stipulate that the action will be treated in the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process ac- *296 eepted as of that date,” and (2) “plaintiffs shall automatically be deemed to stipulate that they mil lose the benefit of all stipulations made by the defendant ... if plaintiffs fail to file the action in the new forum within 120 days after the date the Florida dismissal becomes final.”
However, Iberoameriean contends that the trial court erred in failing to attach to the dismissal order a condition that the defendants waive any procedural bars in the new forum. With this we cannot agree. Requiring defendants to waive any foreign procedural bars of the new forum could have the effect of enticing plaintiffs to file suit in Florida, i.e., in an attempt to avoid such bars, plaintiffs could file suit here, be dismissed out, then return to the foreign forum holding a waiver exacted as a condition for the dismissal. In the fashion of zombies rising from the Florida soil, dead suits would be resurrected to return and walk their homeland courts. While this might please tardy litigants, mandating such a condition would cause more inappropriate suits to be filed in Florida — a result the Supreme Court intended to avoid by its holding in Kinney.
We have reviewed the other matters raised by Iberoameriean and find them to be without merit. Accordingly, the dismissal order is affirmed.