PETERSON, Judge.
The trial court’s grant of summary judgment in favor of St. Augustine Humane Society, Inc., is challenged by appellants, whose minor son, John Howard Wickham, was injured as a result of a dog bite. The appellants also claim that the trial court erred in vacating an earlier entered default against the Humane Society after it failed to answer the appellants’ initial complaint.
Appellants alleged in their initial complaint against the Humane Society that a Chow dog, owned by Mary W. Morris, was placed into quarantine by St. Johns County with the Humane Society after it had bitten a child on August 11, 1993. The appellants further alleged that the dog was released prior to the expiration of the ten day quarantine period without determining whether the dog showed signs of rabies or other infectious disease. A few days after the dog’s release, the dog bit a second child, this time, the appellants’ child.
*243 A summons and complaint were served upon the Humane Society, but it failed to respond and a default was entered against it on September 5, 1995. When it received a notice of jury trial in June, 1996, the Humane Society then filed an answer to the complaint and a motion to set aside the earlier default. The affidavits in support of the motion admitted receipt of the summons and complaint by the Humane Society’s registered agent, but explained that (1) the registered agent delivered the pleadings to the Humane Society’s insurance carrier, (2) the insurer faxed the claim to its central office, but the fax apparently did not go through, and (3) the whole matter was ignored until the Humane Society was awakened by the notice of jury trial. The trial court found that the default was entered as a result of excusable neglect, but the appellants complain that these facts do not warrant that finding.
We need not explore the issue of whether excusable neglect existed to set aside the default because we find that the appellants were clearly entitled to no damages under the facts alleged in the original complaint. In Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla. 3d DCA 1979), the court held that, “it would be proper for a trial judge to enter a summary judgment for a defaulting defendant when it is apparent that the plaintiff can recover no damages against the defaulting defendant.” Alls at 485. The Humane Society’s sole function in placing the dog in quarantine was to observe the dog to assure that it was not contaminated with rabies or other contagious diseases and all agree that the dog was not infected.
In their first amended complaint, appellants alleged new concerns about the ownership of the dog and the release of it to someone they alleged was not the owner. The appellants further alleged that but for the employees of the Humane Society having released the dog to a person other than its owner, their child would not have been bitten. We find the trial court appropriately granted summary judgment on the amended complaint because Mary Morris was listed on both of the dog bite incident reports as the owner or co-owner of the dog, and the dog was in her possession and control on the day appellants’ child was bitten. In fact, Morris signed the first incident report acknowledging that she was the owner of the dog and agreeing that she would not remove the dog from quarantine without permission.
We affirm the final summary judgment entered in favor of the Humane Society.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.