728 So.2d 309 (1999)
Elena Laura Pessino Gomez Del Campo BACARDI, Appellant,
v.
Elena Gomez Del Campo Bacardi De LINDZON, Jerry M. Lindzon, Mariana Pessino Gomez Del Campo Bacardi, Joseph A. Field and Alfred P. O'Hara, individually, Appellees.
No. 97-2316.
District Court of Appeal of Florida, Third District.
February 24, 1999.
Rehearing Denied March 31, 1999.
*311 Formoso-Murias and Hector Formoso-Murias and Antonio C. Castro, Miami, for appellant.
Steel Hector & Davis and Elizabeth J. du Fresne and Daniel E. Gonzalez and Edwin G. Torres, Miami; Gunster, Yoakley, Valdes-Fauli & Stewart and Stuart J. McGregor and Clinton R. Losego, Miami; Kelley Drye & Warren and Ignacio E. Sanchez, Miami; Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector and Lauren C. Ravkind and Richard H. Critchlow, Miami, for appellees.
Before NESBITT, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Plaintiff, Elena Laura Pessino Gomez Del Campo Bacardi, appeals an order dismissing her complaint on forum non conveniens grounds. We affirm in part, and reverse in part, and certify a question of great public importance.
Maria Bacardi, Plaintiff's grandmother, established the Cotorro Trust in favor of Elena Gomez Del Campo Bacardi de Lindzon, her daughter; and the Corniche Trust in favor of Luis Bacardi, her son. Plaintiff is a beneficiary of the Cotorro Trust and a contingent beneficiary of the Corniche Trust. The Cotorro Trust was established under the laws of the Cayman Islands, to be principally administered in, and governed by, that jurisdiction's laws. The Corniche Trust was established under, to be principally administered in, and governed by, the laws of Liechtenstein. Plaintiff was involved in legal actions concerning both trusts in their respective jurisdictions. Subsequently, she withdrew from the matters pending in both jurisdictions.
In 1996, Plaintiff, a resident of Spain, filed a multi-count complaint in Dade County against Elena Lindzon, her mother; Jerry Lindzon, her mother's husband; Mariana Pessino Gomez Del Campo Bacardi, her sister; and attorneys Joseph A. Field and Alfred P. O'Hara. Elena Lindzon is not a United States citizen. Both Mr. Lindzon and Mariana Bacardi maintain Florida residences. Mr. Lindzon, an attorney, is a member of the Florida Bar. Neither attorney Field nor O'Hara is a Florida resident or a Florida Bar member. Plaintiff asserts claims of fraudulent alteration of and amendments to the Cotorro Trust, Elena Lindzon's failure to remit to Plaintiff certain payments obtained from the Cotorro Trust, and claims relating to litigation in Liechtenstein concerning the Corniche Trust. In addition to money damages, Plaintiff sought various relief as to the Cotorro Trust.
In January 1997, a clerk's default was entered against Elena Lindzon. Mrs. Lindzon filed a motion to vacate the default; defendants filed various dismissal motions, including motions to dismiss based on forum non conveniens grounds. The court heard the forum non conveniens issue before the other pending motions.[1] The court granted the motion, finding that an adequate alternative forum exists; that the relevant private interest factors favor the alternative forum; and that the public interest factors favor the alternative forum. The court stated that

*312 [t]his case involves a plaintiff who is not a resident or citizen of Florida, and who is asking this Court to adjudicate her rights as beneficiary of a non-Florida trust, established by a non-Florida lawyer, administered by a non-Florida trustee in a foreign country pursuant to non-Florida law and having no trust assets in the State of Florida. This is exactly the type of case Justice Kogan spoke of when he said Florida cannot be jurisdiction to litigation of multinationals throughout the world.... In accordance with Fla. R. Civ. P. 1.061(c), by accepting this order, the Defendants are deemed to automatically stipulate that the action will be treated in the new fora of the Grand Court of the Cayman Islands or the courts of the Principality of Liechtenstein, whichever is applicable to the specific claim and/or Defendants as though it had been filed in that fora [sic] on the date it was filed in Florida ... with service of process accepted as of that date.
Plaintiff seeks reversal of the dismissal order.
First, we reject Plaintiffs contention that the trial court abused its discretion in failing to frame the issues in dispute, to assess the materiality or importance of witnesses and facts to the case, or to demonstrate such analysis in its order. Unlike Rikamor, Ltd. v. Oded, 690 So.2d 697 (Fla. 3d DCA 1997), Kelly v. Sun & Sea Estates, Ltd., Inc., 681 So.2d 922 (Fla. 3d DCA 1996), Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997), and Booker v. Booker, 636 So.2d 796 (Fla. 1st DCA 1994), the record contains evidence in support of the motion and demonstrates that the court analyzed the Kinney[2] factors in reaching its decision. No bright-line rule exists to mandate reversal of the order and remand when the trial court fails to delineate its reasoning as to each step in the Kinney analysis. See Smith Barney, Inc. v. Potter, 725 So.2d 1223 (Fla. 4th DCA 1999). Moreover, such action is unnecessary where, as here, the record and the order are sufficient to enable this court to determine that the trial court complied with Kinney, allowing a review of its ruling notwithstanding the absence of a point-by-point analysis of the Kinney criteria. See Smith Barney, Inc. v. Potter, 725 So.2d at 1226. Therefore, the reversal of the order on this basis is inappropriate.
Second, contrary to Plaintiffs assertion, an adequate alternative forum[3] exists for the "whole case." The Cayman Islands have jurisdiction over the case involving the Cotorro Trust, and Liechtenstein has jurisdiction over the case involving the Corniche Trust. We disagree with the contention that the trial court is compelled to dismiss the action in favor of one alternative forum when severance of the disparate claims is appropriate. Here, as in Ciba-Geigy, Ltd. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA), review denied, 699 So.2d 1372 (Fla.1997), the asserted claims lack identity of legal or factual issues. No basis exists to require the defendants to litigate the readily severable claims in one Florida proceeding. The trial court implicitly severed the claims pertaining to each trust before dismissing the case on forum non conveniens grounds. A trial court is accorded "substantial flexibility" in ruling on a forum non conveniens issue. Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Thus, the trial court may consider discrete claims in dismissing a portion of a case pursuant to a forum non conveniens motion. See Smith Barney, Inc. v. Potter, 725 So.2d at 1226; Ciba-Geigy, Ltd.; Banco Latino v. Lopez, 17 F.Supp.2d 1327 (S.D.Fla.1998)(on forum non conveniens motion court severed claims of one plaintiff and dismissed remaining plaintiffs' claims to be heard in an alternate jurisdiction). Accordingly, the trial court did not abuse its discretion in dismissing the claims in favor of various alternative jurisdictions. In so holding, we certify to the supreme court that this decision involves the following question of great public importance:

*313 DOES THE TRIAL COURT ABUSE ITS DISCRETION IF IT DISMISSES AN ACTION ON FORUM NON CONVENIENS GROUNDS UNDER KINNEY SYS., INC. v. CONTINENTAL INS. CO., 674 So.2d 86 (Fla.1996), WHEN DISMISSAL REQUIRES THE PLAINTIFF TO REFILE THE CLAIMS IN MORE THAN ONE ALTERNATIVE JURISDICTION?
Furthermore, the alternative fora provide Plaintiff with an adequate remedy. Plaintiff incorrectly asserts that the fora must afford her relief for all asserted claims in their entirety. The forum non conveniens doctrine does not require that the alternative fora replicate the Plaintiffs claims. "[A]lternative fora are not `clearly unsatisfactory' merely because the available legal theories or potential recovery there are less generous than those available where the suit was brought. Rather, the alternative fora are inadequate under the doctrine only if the remedy there clearly amounts to no remedy at all." Kinney, 674 So.2d at 90-1. The record provides ample evidence that such is not the case here, as Plaintiff will be afforded relief as to the claims concerning the trusts and for damages. Therefore, the record does not demonstrate that the remedies available amount to no remedy at all. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In addition, the procedural mechanisms for trial afforded a litigant by the Cayman Islands judicial system does not render that jurisdiction an inadequate forum. See Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 982 (2d Cir.1993); Carnival Cruise Lines, Inc. v. Oy Wartsila Ab, 159 B.R. 984, 991 (S.D.Fla.1993). Cf. Iberoamerican Elec., S.R.L. v. Moore Bus. Forms, Inc., 679 So.2d 295 (Fla. 3d DCA 1996)(waiver of foreign procedural bars may not be exacted as a condition for dismissal). Finally, as stated in Pearl Cruises v. Bestor, 678 So.2d at 373, "if the plaintiff[] find[s] the [alternative] forum unattractive, [she is] free to bring suit in any other jurisdiction which will entertain it."
Third, a balance of the relevant private factors favors dismissal. As to the Cotorro Trust, the Cayman Islands provided more convenient access to evidence by virtue of the action concerning the trust in that jurisdiction. The same reasoning applies to litigating claims as to the Corniche Trust in Liechtenstein, as litigation concerning that trust has been pending in Liechtenstein. Plaintiffs witness list includes the defendants, Bacardi-Martini corporate employees, officers and directors, as well as Cayman Islands and Liechtenstein witnesses. Access to defendants is not an issue as they have consented to appear in Liechtenstein and the Cayman Islands. Similarly, the Cayman Islands and Liechtenstein witnesses will be available in their respective jurisdictions. The testimony of the corporate witnesses could be obtained by deposition or other alternative methods of obtaining evidence. See Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339, 343 (8th Cir.1983), cert. denied, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984). The enforceability of judgments concerning administration of the trusts would be adequate in the jurisdiction that governs the respective trust. In addition, no reasonable basis exists to justify an assertion that a Cayman Islands or Liechtenstein judgment awarding Plaintiff damages could not be enforced in the jurisdictions where the trusts' or defendants' assets are located. If Plaintiff has any concerns about satisfying a judgment, she may request that the trial court retain jurisdiction over any assets located in Florida. See Kinney, 674 So.2d at 92 (citing Mendes v. Dowelanco Indus. LTDA., 651 So.2d 776, 778-79 (Fla. 3d DCA 1995)). Finally, the other practical concerns, such as increased litigation costs in the Cayman Islands for attorneys, and in Liechtenstein for translators, do not tip the scale in favor of Florida. See Resorts Int'l, Inc. v. Spinola, 705 So.2d 629 (Fla. 3d DCA 1998). Thus, a review of the relevant private interest factors favors dismissal.
However, even if we assume that the private factors are in equipoise, the public factors weigh in favor of dismissal. The asserted claims bear some relationship to Florida because defendants reside or conduct business here, and the alleged plot against Plaintiff was discussed in Floridaamong other jurisdictions. However, the litigation *314 has a stronger nexus to the trusts' governing jurisdictions as Plaintiffs claims are premised on actions affecting the trusts,[4] and both jurisdictions have entertained ongoing legal actions concerning the trusts. See Banco Latino, 17 F.Supp.2d at 1332; Cambridge Filter Corp. v. International Filter Co., Inc., 548 F.Supp. 1308, 1310 (D.Nev.1982). Therefore, in light of the nature of the claims, Florida lacks the requisite significant connection. Furthermore, it appears that Florida law will not apply as the trust documents dictate that either Cayman Islands or Liechtenstein law governs the trusts, respectively. Accordingly, the trial court properly concluded that "retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, [and] that foreign law will predominate if jurisdiction is retained." Kinney, 674 So.2d at 92; Ciba-Geigy, Ltd., 691 So.2d at 1124-25. As no abuse of discretion has been shown, we affirm the order as it pertains to the claims involving the trusts against defendants Jerry Lindzon, Mariana Bacardi, Joseph Field, and Alfred O'Hara. We also affirm the dismissal as to the legal malpractice claim against Mr. Field. Florida has no meaningful relationship to a legal malpractice claim asserted by a non-Florida Plaintiff against a non-Florida attorney. See Pearl Cruises v. Bestor, 678 So.2d 372 (Fla. 3d DCA 1996), review denied, 689 So.2d 1068 (Fla.1997). We agree with Plaintiffs contention, however, that Florida is the proper venue for the legal malpractice claim against Mr. Lindzon. Accordingly, we reverse the portion of the order as to that claim.
We find merit as to Plaintiffs next point, that the court erred in dismissing the complaint against Elena Lindzon, and reverse the order as it pertains to her. A clerk's default was entered against Elena Lindzon for failure to respond to the complaint. Although the trial court never set aside that default, Elena proceeded to argue in support of the forum non conveniens motion. Her reliance on Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484, 485 (Fla. 3d DCA 1979), in support of her contention that she is entitled to benefit from the dismissal despite the default, is misplaced. The Alls court stated the general proposition that "a defaulting defendant may take advantage of a defense which is common to all." Alls, 366 So.2d at 485. However, in Behar v. Jefferson Nat'l Bank, 519 So.2d 641, 643 n. 1 (Fla. 3d DCA 1987), review denied, 531 So.2d 167 (Fla.1988), this court distinguished Alls: "the [Alls] court entered summary judgment for the defaulting defendant when it was apparent that the plaintiff could not recover damages from it." See, e.g., Rothman v. Hebebrand, 720 So.2d 595 (Fla. 4th DCA 1998); Mummery v. St. Augustine Humane Soc'y, Inc., 711 So.2d 242 (Fla. 5th DCA 1998). On rehearing, the Behar court explained that a defaulting defendant is entitled to relief from the default "in the event that the other defendants prevail on the merits." Behar, 519 So.2d at 644(on rehearing). See 33 Fla. Jur.2d Judgment and Decrees § 278 (1994); Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747 (Fla. 4th DCA 1997), review denied, 717 So.2d 532 (Fla.1998). Here, because the dismissal was not based on a common defense resulting in a judgment on the merits in defendants' favor precluding Plaintiffs recovery, Alls is inapplicable, and Elena Lindzon was not entitled to dismissal of the complaint. On remand, if the court grants Elena Lindzon's motion to set aside the default, she may seek dismissal. However, upon entry of a clerk's default, the defaulting party may not "participate as a party or otherwise defend against plaintiffs claims against [the non-defaulting defendants]." Days Inns Acquisition Corp., 707 So.2d at 752 n. 6.
Finally, a review of the record does not reveal that the trial court's ruling concerning discovery is contrary to Gleneagle Ship Management Co. v. Leondakos, 602 So.2d 1282 (Fla.1992).
In summary, we reverse the order as it pertains to Elena Lindzon as well as the legal malpractice claim against Mr. Lindzon; affirm the order as to the remaining claims; *315 and certify a question of great public importance.
Affirmed in part; reversed in part; cause remanded; and question certified.
NOTES
[1] The court did not rule on the remaining motions.
[2] Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
[3] Defendants are amenable to process in Liechtenstein and the Cayman Islands. Therefore, those fora are available.
[4] Plaintiff suggests that Beaubien v. Cambridge Consol., Ltd., 652 So.2d 936, 941 (Fla. 5th DCA 1995), supports reversal. We disagree, however, because in this case litigation in the Cayman Islands or Liechtenstein will not "effectively deprive the parties of their day in court."