728 So.2d 1226 (1999)
PEARL CRUISES, Paquet Cruises, Inc., Paquet French Cruises, Inc., Costa Cruise Lines, N.W., and Costa Crociere, P.A., Appellants,
v.
Eleanor COHON and Julian Cohon; Patricia Esfeld and Donald Esfeld, Appellees.
Nos. 98-1801, 98-1798.
District Court of Appeal of Florida, Third District.
April 7, 1999.
Horr, Linfors & Skipp and David J. Horr, Miami, and Stephanie H. Wylie, for appellants.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin, & Perwin and Michael S. Olin and Joel S. Perwin, Miami, for appellee.
Before COPE, LEVY and SORONDO, JJ.
PER CURIAM.
This consolidated appeal is from two orders denying motions to dismiss for forum non conveniens. We conclude that this court's earlier decision in Pearl Cruises v. Bestor, 678 So.2d 372 (Fla. 3d DCA 1996), is controlling and reverse the orders under review.
The plaintiffs-appellees, Eleanor and Julian Cohon and Patricia and Donald Esfeld, are citizens of the State of Washington. Like the Bestors, they
booked passage on an Italian liner for a Western Pacific cruise which began in Singapore. When the ship docked in Vietnam, they arranged with the vessel for an excursion ashore in a private vehicle. The car was involved in a traffic accident and they were injured. They sued the shipowner, an Italian corporation, and four foreign agents of the line in the Dade County circuit court and duly served process upon them. The defendants moved to dismiss the case without prejudice under the forum non conveniens doctrine. Although the defendants have consented to the jurisdiction of the courts of Italy, the home of the corporate shipowner, and waived reliance on any statute of limitations, the trial judge denied the motion.
*1227 Id. at 372. In the Bestors' appeal, this court reversed upon a conclusion that the personal injury lawsuit had no meaningful relationship to Florida. See id. This ruling was without prejudice to the Bestors to refile in Italy, which is the headquarters of the Italian Cruise Line, or in any other jurisdiction which will entertain the action. See id. at 373.
The plaintiffs in the present appeal, the Cohons and the Esfelds, were fellow passengers of the Bestors in the private vehicle in Vietnam, and were injured in the same automobile accident. After this court issued its decision in Bestor, the defendants-appellants renewed their motion to dismiss the Cohon and Esfeld cases under the forum non conveniens doctrine.
The trial court concluded that the Cohon and Esfeld cases were distinguishable from Bestor. The defendants' original motion to dismiss for forum non conveniens had been denied in 1995 at around the same time as the denial in the Bestors' case. The defendants appealed the Bestor denial, but did not appeal in the remaining cases. In 1997, two months after the Florida Supreme Court denied review in Bestor, see Bestor v. Pearl Cruises, 689 So.2d 1068 (Fla.1997), the defendants renewed their forum non conveniens motion in the Cohon and Esfeld cases. Since the defendants could have earlier appealed with respect to the Cohons and the Esfelds, the trial court concluded that there had been a needless delay and that the defendants should be deemed to have waived their forum non conveniens objection.
Under the circumstances here, we conclude that there was no waiver. While the Bestor appeal was pending, the Florida Supreme Court issued its decision in Kinney System, Inc. v. Continental Insurance Company, 674 So.2d 86 (Fla.1996). That decision changed Florida law regarding the forum non conveniens doctrine and in view of that change, allowed the renewal of previously-made motions for forum non conveniens dismissal. See id. at 93-94. The renewed motions to dismiss in this case came after the Kinney decision and after the Bestor appeal became final.
The Kinney opinion directed that "the lower courts shall not order dismissal if doing so would actually undermine the interests that forum non conveniens seeks to preserve." Id. This included situations in which the parties "have substantially completed discovery or are now ready for a Florida trial or where they have completed trial and are seeking a Florida appeal, unless all parties consent to an application of the [forum non conveniens] doctrine outlined here." Id. In the present cases, discovery was not substantially complete nor were the cases ready for trial. During the pendency of the Bestor appeal, there was no progress in the case on the merits, although discovery proceeded on jurisdictional and forum non conveniens issues. Under the circumstances, we must respectfully disagree with the trial court's conclusion that there was a waiver of the forum non conveniens objection, or undue delay.
Plaintiffs also argue that there are changed circumstances which distinguish the current cases from Bestor. First, Miami-based Carnival Corporation acquired beneficial ownership of sixty-four percent of the stock of the Italian cruise line, Costa Crociere, S.p.A. The headquarters and operations of Costa Crociere, however, continue to be based in Italy. Second, the ship employee who assisted the plaintiffs in arranging the Vietnamese shore excursion has moved from Oklahoma to Fort Lauderdale, Florida. Third, the Cohons' Washington travel agent booked their cruise through Pearl Cruises, a Fort Lauderdale-based subsidiary of Costa Crociere.
We are not persuaded that the cited factors constitute such material differences as to justify a different result from that in Bestor. The presence of Florida marketing subsidiaries was already considered in the prior appeal in Bestor. On the record as it now stands, the substantive liability, if any, is that of Costa Crociere itself, not the marketing subsidiaries. Ultimately this is a controversy between State of Washington plaintiffs and an Italian cruise line defendant for a highway accident which occurred in Vietnam. The connection between that controversy and this forum is minimal at best.
To the mix must be added the fact that the Bestor appeal has become final. This means *1228 that the Bestor case will be tried somewhere other than Florida. It makes no real sense to retain the companion cases here, so as to require the identical automobile accident to be litigated in multiple forums.
For the reasons stated, we conclude that the orders under review must be reversed and the cause remanded with directions to grant the motions to dismiss for forum non conveniens. As in Bestor, the plaintiffs are free to refile in Italy or in any other jurisdiction which will entertain the cases. See Bestor, 678 So.2d at 373. The parties have not addressed whether the plaintiffs can refile in their home state of Washington, and nothing in this opinion prevents their doing so if the courts there will allow it. Defendants acknowledge that in making the forum non conveniens motion, they are deemed to have automatically stipulated to the matters set forth in Florida Rule of Civil Procedure 1.061(c) and (d) for any appropriate alternative forum in which plaintiffs refile.
Reversed and remanded.[*]
NOTES
[*] Relying on federal authority, plaintiffs contend that in deciding whether to grant a forum non conveniens motion, a Florida court must aggregate all of the plaintiffs' United States contacts in deciding whether to grant the motion. See Reid-Walen v. Hansen, 933 F.2d 1390, 1394 & n. 5 (8th Cir.1991). That argument is without merit. The federal courts are a unitary system having nationwide jurisdiction. If there is another more convenient forum in the United States, then the remedy is to transfer the case under 28 U.S.C. § 1404, rather than dismiss for forum non conveniens. See 933 F.2d at 1394 n. 5.

As the text of Florida Rule of Civil Procedure 1.061 clearly states, however, the inquiry for the Florida courts is whether "a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida...." Since the Florida courts' territorial jurisdiction is confined to the state boundaries, dismissal under the forum non conveniens doctrine is appropriate where the trial court concludes, after consideration of the relevant factors, that the more convenient forum is elsewhere in the United States, or abroad.