720 So.2d 595 (1998)
Daniel ROTHMAN, M.D., P.A., Appellant/Cross-Appellee,
v.
Thomas HEBEBRAND and his wife, Olive Hebebrand, Appellees/Cross-Appellants.
Nos. 97-3095, 97-3580 and 97-3948.
District Court of Appeal of Florida, Fourth District.
October 21, 1998.
Rehearing Denied December 2, 1998.
*596 Joseph S. Kashi of Sperry, Shapiro & Kashi, P.A., Fort Lauderdale, for appellant/cross-appellee.
Carlos A. Rodriguez, Fort Lauderdale, for appellees/cross-appellants.
KLEIN, Judge.
Appellee plaintiffs sued Daniel Rothman and his professional association (P.A.) for medical malpractice. The P.A. appeals, arguing that because the jury found in favor of Dr. Rothman, and the P.A. was only vicariously liable, plaintiffs could not recover damages against the P.A. We agree and reverse.
The P.A., which defaulted, argues that the trial court erroneously refused to set that default aside after Dr. Rothman was exonerated of liability. Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530, 532 (Fla.1985)("[W]hen a principal's liability rests solely on the doctrine of respondeat superior, a principal cannot be held liable if the agent is exonerated"). Arguing that its liability was only vicarious, based on the negligence of Dr. Rothman, the P.A. relies on a line of cases which are summarized in Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747 (Fla. 4th DCA 1997). Those cases hold that if the liability of a defaulting defendant is completely dependent upon the liability of a non-defaulting codefendant, a final judgment should not be entered against the defaulting defendant unless the codefendant has been found liable. See, e.g., Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484, 485 (Fla. 3d DCA 1979)("defaulting defendant may take advantage of a defense which is common to all").
Plaintiffs recognize that if the P.A.'s liability is only vicarious, judgment should not have been entered against the P.A., but argue that there were other reasons for the P.A. to be held liable, aside from the negligence of Dr. Rothman. This argument, which is being advanced by plaintiffs for the first time on appeal, is not sustained by the record.
We therefore reverse the judgment for damages against the P.A., as well as the cost of judgment which followed it. We affirm the cross-appeal.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.