Beth A. **COMER–MARQUARDT** and House of Rays, LLC, Appellant–Defendant,

v.

**A–1 GLASSWORKS, LLC,** Appellee–Plaintiff.

No. 02A03–0311–CV–464.

Court of Appeals of Indiana.

April 27, 2004.

Lisa M. Dirig, Miller Carson Boxberger & Murphy, LLP, Fort Wayne, IN, Attorney for Appellant.

Arthur M. Weingartner, Cornelius & Weingartner, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

House of Rays, LLC ("Rays") appeals the trial court's denial of its motion to set aside a default judgment. We reverse.

### Issue

The sole restated issue is whether the trial court abused its discretion in denying Rays' motion to set aside the default judgment.

### Facts

On April 23, 2003, A–1 Glassworks, LLC ("A–1") filed a complaint against Beth Marquardt, a former employee, alleging that she knowingly or intentionally converted several thousand dollars from A–1 by writing company checks to herself. The complaint also alleged in a separate count that Rays, a tanning salon business owned and operated by Marquardt, was liable "for the wrongful conduct of its employee, officer, agent, and owner," Marquardt. App. p. 14. The separate summons for Marquardt and Rays were both sent to Marquardt's home address; the summons for Rays was addressed to Rays, "c/o Beth A. Comer–Marquardt, Resident Agent. . . ." App. p. 11.

Service of the complaint was effected on May 2, 2003. Marquardt, acting pro se, timely filed an answer on May 23, 2003, generally denying the allegations against her. However, the answer begins: "Comes now the defendant, Beth A. Marquardt, pro se answering the complaint in the above matter." App. p. 16. The answer contains no express indication that it was also an answer on Rays' behalf.

On June 5, 2003, A–1 moved for default judgment against Rays because of its failure to appear or answer the complaint against it. No notice of the motion was provided to Marquardt. On June 9, 2003, the trial court entered default judgment against Rays in the amount of $15,366. This sum included three times the amount Marquardt allegedly converted because of the alleged criminal nature of Marquardt's conduct, plus attorney fees.

On June 30, 2003, Rays and Marquardt, now acting with counsel, moved to set aside the default judgment against Rays on the basis that Marquardt had mistakenly but excusably believed she had sufficiently answered the complaint on Rays' behalf in her timely May 23, 2003 answer. After conducting a hearing in chambers, on October 24, 2003 the trial court denied the motion to set aside the default judgment. Rays now appeals.

### Analysis

■■■ We begin by noting that although we review the denial of a motion to set aside a default judgment for an abuse of discretion, default judgments clearly are disfavored in Indiana.

> Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for abuse of discretion. The trial court should use its discretion to do what is "just" in light of the unique facts of each case. However, such discretion should be exercised in light of the disfavor in which default judgments are held. A default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party. It is "an extreme remedy and is available only where that party fails to defend or prosecute a suit. It is not a trap to be set by counsel to catch unsuspecting litigants."

*Allstate Ins. Co. v. Watson,* 747 N.E.2d 545, 547 (Ind.2001) (internal citations omitted). "Indiana law strongly prefers disposition of cases on their merits." *Coslett v. Weddle Bros. Const. Co.,* 798 N.E.2d 859, 861 (Ind.2003).

■■■ Rays contends the default judgment against it resulted from mistake because of Marquardt's failure as a pro se litigant to specifically indicate that the answer she filed on May 23, 2003, was also intended to be an answer on Ray's behalf, not just her individually. A party may obtain relief from a judgment if it resulted, inter alia, from mistake, surprise, or excusable neglect, and if the party moves for relief within one year of the judgment being entered. *See* Ind. Trial Rule 60(B)(1). When deciding whether a default judgment may be set aside because of mistake or excusable neglect, the trial court must consider the unique factual background of each case; no fixed rules or standards have been established because the circumstances of no two cases are alike. *Coslett,* 798 N.E.2d at 860–61.

■■■ In our view, Rays comes very close to demonstrating the existence of mistake or excusable neglect necessary to set aside the default judgment. The complaint against Rays was predicated solely upon alleged conduct by Marquardt. The summons for Rays was addressed to Marquardt. Marquardt did not ignore the summons but filed what she believed was an appropriate answer, denying any improper conduct upon which both counts of the complaint against her individually and Rays were based. A–1 moved for default judgment against Rays shortly after the time for answering passed and without providing any notice of it to Marquardt.[1]

---

1. It is not clear that A–1 was required to give notice of the default judgment motion to Marquardt in her individual capacity. Indiana Trial Rule 5(A)(3) requires service of every written motion to every party in a case, unless it is a motion that may be heard ex parte. Pursuant to Indiana Trial Rule 55(B), a default judgment motion may be heard and granted without notice if the defendant against whom it is sought has not appeared in the case. Therefore, because Rays had not appeared in this case, the default judgment motion against it could be heard ex parte and Marquardt technically was not entitled to notice of it beforehand. Again, however, this skates very close to the line of propriety, as A–

This looks dangerously close to being a "trap" sprung to catch an unsuspecting litigant who was unschooled in the niceties of vicarious liability and respondeat superior.

■ Nevertheless, we cannot ignore that "the law in this jurisdiction is well settled that a litigant who proceeds pro se is held to the same established rules of procedure that trained counsel is bound to follow." *Rickels v. Herr*, 638 N.E.2d 1280, 1283 (Ind.Ct.App.1994). In light of this principle, we cannot say with certainty that the trial court abused its discretion in refusing to set aside the default judgment against Rays based on the fact that Marquardt committed a procedural error in failing to explicitly respond to A–1's complaint on Rays' behalf.[2] Parties would be well advised to seek the advice of trained counsel before wading into the complexities of civil litigation.

■ However, we hold there is another basis on which to conclude that the trial court did abuse its discretion in refusing to set aside the default judgment against Rays. Specifically, Rays contends that entry of default judgment against it while the action against Marquardt personally remains unresolved has the potential to lead "to an incongruous result...." Appellant's Br. p. 10.[3] We agree. This is because under the doctrine of respondeat superior, a master or principal is chargeable with, and liable for, any tortious act committed by his servant or agent while such servant or agent is acting in the course of his employment and in the line of his duty. *See Grzan v. Charter Hosp. of Northwest Indiana*, 702 N.E.2d 786, 792 (Ind.Ct.App.1998). Conversely, if the servant or agent is released of liability, no liability can be imputed to the principal. *See id.* Thus, it is axiomatic "that a judgment in favor of an employee requires judgment in favor of his employer when the employer's liability is predicated solely upon the acts of said employee." *Health & Hospital Corp. of Marion County v. Gaither*, 272 Ind. 251, 260, 397 N.E.2d 589, 595 (1979).

■ Here, it is clear from A–1's complaint that its claim against Rays, the principal/employer, is based solely upon the theory of respondeat superior and its liability for the alleged conduct of its agent/employee, Marquardt. No wrongdoing by Rays as a separate entity is alleged. Marquardt adequately and timely answered the complaint against her personally and is challenging A–1's allegations against her on the merits. Hence, in this case the possibility exists that Marquardt will be found to have committed no wrongdoing, but Rays will still be held liable for Marquardt's wrongdoing that was found

---

1 was well aware that Rays was Marquardt's small business and Marquardt herself had appeared in the case.

We also note that Rays has not asked us today to apply or expand the rule of *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999). There, our supreme court held that although counsel for the plaintiff did not violate the Indiana Trial Rules when he failed to contact counsel for the defendants or provide them with a copy of the complaint before moving for default judgment, such conduct did violate the Rules of Professional Conduct and warranted relief from default judgment under Trial Rule 60(B)(3) where the plaintiff's counsel was aware of the defendants' representation by counsel. *Id.* at 1263–64. Our supreme court noted that a lawyer's duties "are found not only in the specific rules of conduct and rules of procedure, but also in courtesy, common sense and the constraints of our judicial system." *Id.* at 1264.

2. This does not necessarily mean the trial court would have abused its discretion if it *had* granted Rays' motion for relief from judgment; that question is not before us today.

3. A–1 failed to respond to this argument in its brief.

not to have occurred. It should go without saying that this would be a completely illogical result and would run directly afoul of the axiom that a judgment in favor of an agent requires a judgment in favor of the principal if the claim against the principal rests solely on alleged conduct by the agent.

We are not aware of any Indiana cases that have addressed this particular issue. We have discovered, however, a line of cases from the Florida Court of Appeal that is directly on point. That court has held that "if the liability of a defaulting defendant is completely dependent upon the liability of a non-defaulting codefendant, a final judgment should not be entered against the defaulting defendant unless the codefendant has been found liable." *See, e.g., Rothman v. Hebebrand*, 720 So.2d 595, 596 (Fla.Dist.Ct. App.1998). Additionally, a defaulting defendant may take advantage of a defense that is common to it and a non-defaulting codefendant. *See id.* (citing *Alls v. 7– Eleven Food Stores, Inc.*, 366 So.2d 484, 485 (Fla.Dist.Ct.App.1979)). This strikes us as eminently reasonable and logical. Following the Florida Court of Appeal, we conclude that although Rays may technically be in default for failing to timely appear in this action, final judgment against it is inappropriate at this time.[4] Any final judgment for or against Rays depends upon resolution of the underlying action against Marquardt. We also observe that a party's technical default for failing to timely appear, such as Rays' failure in this case, does not require the entry of a default judgment against that party. *See Teegardin v. Maver's, Inc.*, 622 N.E.2d 530, 532 (Ind.Ct.App.1993). However, it does mean that Rays can no longer

participate in or separately defend against this action. *See Days Inns Acquisition Corp. v. Hutchinson*, 707 So.2d 747, 752 n. 6 (Fla.Dist.Ct.App.1997), *rev. denied*.

As we have said in other cases, we generally prefer substance over form whenever possible. *See MDM Investments v. City of Carmel*, 740 N.E.2d 929, 933 (Ind. Ct.App.2000). With respect to default judgments specifically, the general rule is that they are disfavored and trials on the merits are preferred. *See Coslett*, 798 N.E.2d at 861. Allowing the default judgment against Rays to stand under the circumstances in this case would be to completely ignore substance and the merits of this action in favor of the barest procedural technicality. It would also allow a potentially absurd and unjust result of Marquardt being absolved of any wrongdoing but her company, Rays, being held liable for that very same alleged wrongdoing.

### Conclusion

We reverse the trial court's denial of Rays' motion to set aside the default judgment. That judgment must be vacated until such time as the merits of the claims against Marquardt individually are resolved.

Reversed.

KIRSCH, C.J., and FRIEDLANDER, J., concur.

---

4. We are not addressing a situation today in which there might be a separate basis for a defaulting party's liability aside from the liability of a non-defaulting codefendant.