

FILED

Dec 08 2016, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stacy L. Kelley | Anthony W. Overholt |
| Glaser & Ebbs | Maggie L. Smith |
| Indianapolis, Indiana | Frost Brown Todd LLC |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

In Re The Expungement/
Sealing of Records of H.M.,

*Appellant-Defendant,*

v.

State of Indiana and Marion
County Sheriff,

*Appellee-Plaintiff.*

December 8, 2016

Court of Appeals Case No.
49A02-1604-MI-700

Appeal from the Marion Superior
Court

The Honorable Angela Davis,
Judge

Trial Court Cause No.
49G16-1307-MI-28470

**Bailey, Judge.**

# Case Summary

[1] H.M.'s criminal convictions were expunged in 2013. H.M. later applied with the Marion County Sheriff ("the Sheriff") to serve as a volunteer deputy sheriff. After conducting a background check, the Sheriff declined H.M.'s application.

H.M. initiated contempt proceedings alleging discrimination prohibited under Indiana's criminal history expungement statute.[1]  The contempt petition was dismissed upon the Sheriff's motion.  H.M. now appeals.

We reverse and remand.

# Issues

H.M. designates two issues for our review:

    I.    Whether the trial court erred when it denied H.M.'s motion to strike the Sheriff's motion to dismiss as untimely; and

    II.    Whether the trial court erred when it dismissed H.M.'s contempt petition.

# Facts and Procedural History

Because of the procedural posture of this case, we take our statement of facts from H.M.'s petition and the parties' related motions.  On July 24, 2013, H.M. applied for expungement of his convictions and other criminal records in certain matters.  The Marion Superior Court granted the expungment on October 4, 2013.

---

[1] Ind. Code § 35-38-9-1 *et seq.*

[5]  On November 12, 2014, H.M. applied with the Sheriff for appointment as a volunteer sheriff's deputy. Such deputies are often deputized as special deputy sheriffs under Indiana Code section 36-8-10-10.6.

[6]  As part of the review process, the Sheriff conducted a background check on H.M. After the background check, the Sheriff denied H.M.'s application in a letter that stated, in relevant part, "[t]he background phase is completed for the Reserve Deputy Sheriff position. We regret to inform you that you have not been selected for hire." (App'x at 12.)

[7]  On December 3, 2015, H.M. filed a verified petition for contempt in the Marion Superior Court under the cause number for his expungement proceedings. The named party in the expungement proceedings was the State of Indiana, and a delay of approximately one month ensued during which the trial court identified the proper respondent for the contempt petition. Finally, on January 7, 2016, the Sheriff entered an appearance by counsel.

[8]  On Febuary 3, 2016, a hearing was conducted, during which the Sheriff sought leave to file a brief with the trial court. The trial court granted the motion, and subsequently granted a request for an extension of time to file the brief. On February 17, 2016, the Sheriff filed a motion including legal argument that requested the dismissal of H.M.'s contempt petition.

[9]  On March 9, 2016, H.M. moved the trial court to strike the Sheriff's motion, and separately filed his brief in opposition to the Sheriff's motion to dismiss. A hearing was conducted that day, at the conclusion of which the trial court

entered an order granting the Sheriff's motion to dismiss the contempt petition and denying H.M.'s motion to strike.

[10] This appeal ensued.

# Discussion and Decision

## Motion to Strike

[11] We turn first to H.M.'s contention that the trial court erroneously denied his motion to strike the Sheriff's motion to dismiss. We review motions to strike for an abuse of discretion, which occurs when the court's decision is contrary to the facts and circumstances before it. *Allstate Ins. Co v. Hatfield*, 28 N.E.3d 248, 248 (Ind. Ct. App. 2015).

[12] H.M. contends that the Sheriff's motion to dismiss should have been stricken because it was untimely filed, and directs us to the Indiana timeline rules for the filing of motions in response to pleadings. *See* Ind. Trial Rule 8(C) (setting forth the twenty-day period for timely response to a complaint). H.M. argues that his petition for contempt is, in essence, a pleading—namely, a complaint. And because the Sheriff's motion to dismiss the petition came outside the twenty-day window of time set forth in Rule 8(C) for responses to a complaint, the argument goes, the trial court erred when it did not dismiss the Sheriff's motion. H.M. would have us apply the rules for pleading to a motion seeking to enforce a judgment, and would have us very narrowly interpret the pleading rules to require that the Sheriff's motion be stricken. For its part, the Sheriff suggests

that strict application of those rules is unnecessary because its motion is not a pleading at all, and thus the pleading rules simply do not apply.

[13]     As this Court and our supreme court have noted, "the rules of trial procedure 'are intended to standardize the practice within the court, facilitate the effective flow of information, and enable the court to rule on the merits of the case.'" *Turner v. Franklin Cty. Four Wheelers Inc.*, 889 N.E.2d 903, 905 (Ind. Ct. App. 2008) (quoting *S.T. v. State*, 764 N.E.2d 632, 635 (Ind. 2002)). All parties and the court are generally bound by the rules, but "a court should not adhere blindly to all of its rules." *Id.* Thus, whether the petition for contempt is or is not a form of pleading, we would be remiss not to note that an extended period of time passed after the petition was filed, during which time it appears that the correct responsive party had not been properly identified or filed an appearance. During this period, it appears from the CCS that only on December 23, 2015—twenty days after the petition was filed—was the requirement for counsel for the Sheriff, rather than counsel for the State, established.

[14]     Moreover, we observe that "a court may at any time for cause shown ... upon motion made after the expiration of the specific period, permit the act to be done where failure to act was the result of excusable neglect." T.R. 8(B). Under the circumstances, and in light of our courts' policy favoring resolution of cases on their merits, *Comer-Marquardt v. A-1 Glassworks, LLC*, 806 N.E.2d 883, 886 (Ind. Ct. App. 2004), we think the trial court was within its discretion to grant an enlargement of time for the Sheriff to file a response to the petition for contempt.

H.M. also challenges the denial of his motion to strike on the basis that the Sheriff sought leave to file a brief and, instead, filed the motion to dismiss the petition for contempt. H.M.'s contention—that the Sheriff had not been granted leave to file a motion—is solely a question of terminology. We reject H.M.'s argument in this regard as an elevation of form over substance. *See id.* at 888. We accordingly find no abuse of discretion in the trial court's denial of the motion to strike because the Sheriff filed a motion instead of a brief.

## Motion to Dismiss

We turn now to H.M.'s argument that the trial court erred when it dismissed the petition for contempt. The parties here differ as to how the order on the petition should be reviewed. H.M. contends that because the petition is analogous to a complaint, the trial court's dismissal should be reviewed as an order dismissing a complaint for failure to state a claim under Trial Rule 12(B)(6) that is subject to *de novo* review, with the facts in the petition for contempt deemed facially true, as if the petition were a complaint. *See Bellows v. Board of Com'rs of Cty. of Elkhart*, 926 N.E.2d 96, 111 (Ind. Ct. App. 2010) (setting forth the standard of review for an appeal from a dismissal for failure to state a claim). The Sheriff does not proffer a standard of review, but addresses the dismissal order as a question of statutory construction—that is, as a matter of law. *See Suggs v. State*, 51 N.E.3d 1190, 1194 (Ind. 2016) (setting forth the standard used by appellate courts when reviewing questions of statutory construction). The result under either approach is the same: a *de novo* review of the order of dismissal.

[17]   H.M.'s petition for contempt and his appeal rest on Indiana's expungement statute. This statute has recently been the subject of substantial litigation and revision, but the interpretation of its anti-discrimination provisions in light of the authority of Indiana's sheriffs to appoint special and volunteer deputies is a matter of first impression. The anti-discrimination provisions of the expungement statute state:

> It is unlawful for any person to:
>
> (1) suspend;
>
> (2) expel;
>
> (3) refuse to employ;
>
> (4) refuse to admit;
>
> (5) refuse to grant or renew a license, permit or certificate necessary to engage in any activity, occupation, or profession; or
>
> (6) otherwise discriminate against;
>
> any person because of a conviction or arrest record expunged or sealed under this chapter.

I.C. § 35-38-9-10(b). With specific exceptions related to subsequent criminal conduct, "[a] person whose record is expunged shall be treated as if the person had never been convicted of the offense." I.C. § 35-38-9-10(e). "Any person that discriminates against a person as described in subsection (b) commits a

Class C infraction and may be held in contempt by the court issuing the order of expungement or by any other court of general jurisdiction. Any person may file a written motion of contempt," and "the person is entitled to injunctive relief." I.C. § 35-38-9-10(f). Separate from the anti-discrimination provisions, the expungement statute precludes the release of information in sealed or expunged records "to anyone without a court order, other than a law enforcement officer acting in the course of the officer's official duty." I.C. § 35-38-9-6(a).

[18] The trial court here granted the Sheriff's motion to dismiss H.M.'s petition, and further ruled that the Marion Superior Court was not the correct venue for the case, though each ruling was without legal analysis. The Sheriff's motion to dismiss argued that the grant of broad discretion in the statutes concerning sheriffs' powers to access protected information and create special deputy sheriffs precluded any possibility that the Sheriff or any of the Sheriff's employees could be held liable under Indiana's expungement laws. H.M. opposed that argument at the trial court and now before this Court, and the Sheriff reiterates the argument on appeal.

[19] Turning briefly to the question of proper venue, both H.M. and the Sheriff agree that the trial court was in error, and we in turn agree with them. Section 35-38-9-10(f) is explicit that a discrimination complaint may be brought to either the court that entered the expungement or to any court of general jurisdiction. This includes the Marion Superior Court, which is both the court in which the expungement was granted—indeed, the petition for contempt was brought under the same cause number as the original expungement proceedings—and a

court of general jurisdiction. The Marion Superior Court was thus a proper venue, and the trial court's contrary ruling was erroneous.

[20] We turn now to the order of dismissal as it relates to the Sheriff's contention before the trial court that H.M. could not seek relief against the Sheriff under the expungement statute's anti-discrimination provisions. The Sheriff's argument here rests upon its interpretation of the ability of a law enforcement official, pursuant to Section 35-38-9-6(a), to access information that otherwise would be subject to non-disclosure as a result of expungement when the Sheriff accesses such information in the course of official duties.

[21] That statute granting Indiana sheriffs authority to appoint special deputy sheriffs requires that such individuals meet age and training requirements. It also requires that such persons "never have been convicted of a felony, or a misdemeanor involving moral turpitude," and that they "be of good moral character." I.C. §§ 36-8-10-10.6(b)(2) & (3). In light of these requirements, the Sheriff contends that access to information related to an individual's prior expunged convictions was permissible as within the scope of official duties.

[22] We agree with that proposition. However, that does not address the content of the petition for contempt or the anti-discrimination provision of the expungement statute. Indeed, the Sheriff's brief before this court does not address the anti-discrimination provision at all, except to note its existence and that its interpretation has a place in this case. (Appellee's Br. at 14.) Yet the

case hinges on the construction of the anti-discrimination provision in light of the other statutory provisions on which the Sheriff relies.

[23] When construing a statute, our primary goal is to ascertain the legislature's intent. *Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016). To discern the legislature's intent, we look first to the language of the statute and give effect to the plain and ordinary meaning of statutory terms. *Id.* Where the language of the statute is clear and unambiguous so that the meaning of the statute is plain, "we need not resort to other rules of statutory construction to divine intent." *Id.* The expungement statutory scheme at issue here is a remedial one, namely, "to give individuals who have been convicted of certain crimes "a second chance by not experiencing many of the stigmas associated with a criminal conviction." *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014). As a remedial statute, we must liberally construe the expungement statute to give effect to that remedy. *Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), *trans. denied*.

[24] As H.M. notes, Section 35-38-9-10(b)'s anti-discrimination provision is clear: no person may use knowledge of another's expunged criminal history as a basis for discrimination in employment, accommodation, or in any other form. Section 35-38-9-6(a)'s provision that permits enforcement officers in the course of their duties to access information expunged from an individual's criminal history and sealed from public view, is also clear: a person's records may be "releas[ed]" to a law enforcement officer without a court order. The statutory requirements for appointing special deputies clearly indicate that a sheriff may not appoint as a special deputy sheriff an individual that has previously

committed a felony or misdemeanor indicative of moral turpitude or an individual without good moral character. I.C. § 36-8-10-10.6(b). Thus, a sheriff may properly access expunged criminal history of a deputy sheriff candidate.

[25] That does not mean that law enforcement officials are given statutory leave to use that information in any manner they please. The anti-discrimination provisions of Section 35-38-9-10 expressly contemplate the possibility that someone might be asked about an expunged criminal history and limit the scope of that inquiry. They provide that "a person may be questioned about a previous criminal record only in terms that exclude expunged convictions or arrests, such as: 'Have you ever been arrested for or convicted of a crime that has not been expunged by a court.'" I.C. § 35-38-9-10(d). Even if information about expunged convictions is disclosed, the statute still precludes use of that fact as a basis for adverse action: such action is "unlawful" if taken "because of a conviction or arrest record expunged or sealed under this chapter." I.C. § 35-38-9-10(b). Thus, while the Sheriff may access expunged convictions, the language of the expungement statute precludes adverse action "because" of those convictions. Moreover, neither party directs us to any express statutory language that carves out any exception to the anti-discrimination provisions as they relate to appointing deputy sheriffs, nor have we found such an exception.

[26] If the expungement statute thus does not permit sheriffs to deny a privilege or status "because of" an expunged conviction or arrest, the rest falls in line. Here, the trial court granted a motion to dismiss a petition for contempt that alleged that the Sheriff had discriminated against H.M. because of his expunged

convictions. H.M. couched this in terms of the denial of a position as a volunteer sheriff's deputy; the Sheriff contends H.M. sought special deputy status so that he could engage in certain security business activities. In either event, H.M. alleged that the denial of his applied-for status occurred because of his prior expunged convictions: "Pursuant to I.C. 35-38-9-10(b) the Marion County Sheriff's Department has unlawfully discriminated against [H.M.] by refusing to employ him based upon a conviction or arrest record expunged or sealed" by court order. (App'x at 08.)

[27] It may well be that the Sheriff had other bases upon which to deny H.M.'s application. But given the precise nature of H.M.'s allegation in the petition and the breadth of the anti-discrimination provisions of the expungment statute, we cannot say as a matter of law that the petition failed to adequately set forth a basis upon which H.M. might proceed in an effort to prove discrimination solely based upon his prior expunged convictions.

[28] We recognize the Sheriff's need to appoint deputy sheriffs who are qualified under the deputization statutes, as well as the scrutiny to which law enforcement is subjected. Yet the Indiana General Assembly has not limited the scope of the expungement statute by carving out an exception to the anti-discrimination provisions for the designation of deputy sheriffs. It is thus to the legislature—the same body that governs the powers of sheriffs to appoint their deputies—that the Sheriff's arguments are best directed.

Accordingly, we conclude that the trial court erred when it granted the Sheriff's motion to dismiss, and we reverse the order of dismissal. We therefore remand the case for further proceedings consistent with our decision today.

# Conclusion

The trial court did not err when it denied H.M.'s motion to strike. The trial court erred when it dismissed H.M.'s contempt petition.

Reversed and remanded.

Riley, J., concurs.
Barnes, J., concurs with separate opinion.

| | |
|---|---|
| In Re The Expungement/Sealing of Records of H.M., | Court of Appeals Case No. 49A02-1604-MI-700 |
| *Appellant-Defendant,* | |
| v. | |
| State of Indiana and Marion County Sheriff, | |
| *Appellee-Plaintiff.* | |

**Barnes, Judge, concurring with separate opinion**

[32] I concur with my colleagues in full. I write, though, to urge our Legislature to examine this provision of Indiana law and carve out some sort of law-enforcement exception.

[33] While I respect and strongly favor an orderly and warranted expungement process, I believe law enforcement ought to be able to thoroughly examine one's past criminal history and make judgments accordingly. A multitude of remedies would remain for those who would feel unfairly treated. I simply favor, for some of the most sensitive positions in our society, an approach that would provide more discretion to hiring agencies.